Ignacio ZARAGOSA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–262–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 26, 1986.

Eugene Coffey, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

OPINION

NYE, Chief Justice.

A jury convicted appellant of sexual assault of a child. Punishment was set at ten years in the Texas Department of Correc-tions. The trial court's charge to the jury included the instruction on the law of parole prescribed by Tex.Code Crim.Proc. Ann. art. 37.07, § 4 (Vernon Supp.1986). Appellant's sole ground of error is that the instructions on parole violated the separation of powers doctrine of the Texas Constitution. Tex. Const. art. II, § 1.

■ Appellant's sole authority for his contention is *Rose v. State*, No. 5–85–1136–CR (Tex.App.—Dallas, August 11, 1986). However, that opinion has been withdrawn by order of the Dallas Court of Appeals dated September 12, 1986. We refuse to hold that allowing jurors to consider the *effects* of parole laws is an unconstitutional usurpation by the judicial branch of the power to *grant* parole, which power resides in the executive branch.

■ Furthermore, appellant failed to object to the inclusion of this charge at trial. He raises the constitutional issue for the first time on appeal. No fundamental error is raised or presented. Failure to object or otherwise apprise the trial court of one's claim waives even constitutional error. *Corley v. State*, 582 S.W.2d 815, 821 (Tex.Crim.App.1979), *cert. denied*, 444 U.S. 919, 100 S.Ct. 238, 62 L.Ed.2d 176 (1980); *see In re M.A.B.*, 641 S.W.2d 621, 623 (Tex. App.—Corpus Christi 1982, no pet.).

Appellant's precise contention has been overruled in *Casares v. State*, 712 S.W.2d 818, 821 (Tex.App.—Houston [1st Dist.] 1986, no pet.); *see also Clark v. State*, 721 S.W.2d 424 (Tex.App.—Houston [1st Dist.] 1986, no pet.); *Patton v. State*, 717 S.W.2d 772 (Tex.App.—Fort Worth, 1986, no pet.).

We overrule appellant's ground of error. The judgment of the trial court is affirmed.