**Arsenio Carlos CLARKE, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 14–06–00390–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 30, 2007.

Bob Wicoff, Houston, for Appellant.

Alan Curry, Houston, for State.

Panel consists of Justices ANDERSON, FROST, and MIRABAL.*

## MAJORITY OPINION

KEM THOMPSON FROST, Justice.

Challenging his conviction for the felony offense of sexual assault of a child, appellant asserts that the prosecutor deceived the trial court during the punishment phase by allowing evidence concerning an allegedly false extraneous offense to remain in the pre-sentence investigation report. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In December of 2004, appellant moved to Texas from out of state to live with the family of the child complainant, T.M., a fourteen-year old girl. Appellant is the nephew of T.M.'s step-father. T.M.'s mother and step-father had agreed to help appellant improve his life by allowing him

* Senior Justice Margaret G. Mirabal sitting by assignment.

an opportunity to move in with their family and work in their family business.

While living in his uncle's home, appellant shared a bedroom with T.M.'s brother. One day, T.M. walked into her brother's bedroom, where appellant was playing a video game. Appellant got up, closed the bedroom door, and began to wrestle with T.M. After a few moments, appellant pushed T.M. onto a mattress that was on the floor. While holding T.M. down, appellant removed their clothing, and forced T.M. to engage in sexual intercourse. When he was finished, appellant stood up, got dressed, and shrugged at T.M. T.M. immediately ran to her own bedroom. Too scared to tell her mother or step-father about the incident, T.M. decided that she would handle the matter by herself. Approximately five days later, T.M. attempted to confront appellant and tell him that he could not engage in sexual intercourse with her, but he again sexually assaulted her. After the second assault, T.M. again remained silent, and tried her best to avoid appellant.

On Super Bowl Sunday of 2005, T.M. was watching television in her bedroom, while the rest of the family watched the game in the family room. Appellant walked into T.M.'s bedroom, closed the door, and locked it. Appellant laid down on the floor and told T.M. that he wanted to watch the game with her. T.M. told him, "no," and tried to get him to leave. Appellant, who was much stronger than T.M., forced her against the wall, and again forced her to engage in sexual intercourse. When he was finished, appellant got up and left the room. T.M. closed her bedroom door and locked it.

Several days later, T.M. went looking for her brother in his bedroom. Appellant was there, and her brother left the room. Appellant closed the door, sat T.M. down on the mattress, and began to whisper to her. T.M. got up and tried to open the bedroom door to leave. T.M.'s step-father was standing outside the door, and asked T.M. what they were whispering about. T.M. finally told her step-father about the incidents. T.M.'s step-father called T.M.'s mother, who immediately came home. Initially, T.M. had a difficult time telling her mother about the incidents. Eventually, however, T.M. recounted some of the things that appellant had been doing to her. T.M.'s mother was furious and confronted appellant. Appellant told her that the sexual intercourse was consensual. T.M. was taken to a hospital to be examined.

Appellant was arrested and charged with the felony offense of sexual assault of a child. He pleaded "guilty" without an agreed recommendation from the State. The trial court found appellant guilty of the charged offense, and after obtaining a presentence investigation ("PSI") report, assessed punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a motion for new trial and noted that the PSI report "contained totally unfounded allegations from the complainant's mother ... that the defendant had molested his own sister."

## II. Issue and Analysis

Appellant presents a single point on appeal:

> "The prosecutor deliberately deceived the trial court during the punishment phase by allowing evidence concerning an alleged extraneous offense known by the prosecutor to be false, to remain in the pre-sentence report, in violation of the Fourteenth Amendment of the United States Constitution and Article 1, Section 19 of the Texas Constitution."

In his written motion for new trial, appellant alleged that: (1) his counsel was

not timely given the PSI report resulting in a denial of effective assistance of counsel, (2) he was denied his right to effectively confront the witness used against him, and (3) the alleged extraneous offense was inadmissible because it was not proven beyond a reasonable doubt. The trial court denied appellant a hearing on this motion. When the case reached this court on appeal, we abated on the ground that the trial court had failed to hold a hearing on a motion for new trial that raised matters that were not determinable from the record. *See Clarke v. State,* No. 14–06–00390–CR, 233 S.W.3d 574, 2007 WL 2447294 (Tex.App.-Houston [14th Dist.] Oct. 26, 2006) (abatement order). We concluded that appellant timely filed and presented his motion for new trial alleging ineffective assistance of counsel and that a hearing was necessary to develop the facts supporting these claims. *Id.*

■ On abatement, the trial court conducted an oral hearing on the motion for new trial. At that hearing, however, appellant completely abandoned the grounds asserted in his written motion and instead alleged, for the first time, that the prosecutor had knowledge that the alleged extraneous offense was false, and thus had a duty to report the same to the trial court. This alleged prosecutorial misconduct was not a ground raised in the written motion for new trial, yet it is the only ground appellant now urges on appeal. In his appellate brief appellant does not raise grounds (1)-(3), as set forth in his written motion for new trial. Thus, we do not address any of the grounds in appellant's written motion for new trial, and instead consider only whether he preserved error as to the complaint he now urges on appeal.

■ Under the rules of appellate procedure, an appellant has thirty days after the judgment is final to request a new trial. TEX.R.APP. P. 21.4(a) (stating that all motions for new trial must be submitted to the trial court within thirty days of the final judgment). Any amendments to the motion also must be completed within the same thirty-day period. *Flores v. State,* 18 S.W.3d 796, 798 (Tex.App.-Austin 2000, no pet.); *Mallet v. State,* 9 S.W.3d 856, 865(Tex.App.-Fort Worth 2000, no pet.). Within thirty days after the date when the trial court imposes or suspends a sentence in open court but before the court overrules any previously filed motion for new trial, a defendant, without leave of court, may file one or more amended motions for new trial. TEX.R.APP. P. 21.4(a). However, no amendment is allowed after the thirty days have expired unless the trial court grants leave, and the opposing party does not object. *State v. Moore,* 225 S.W.3d 556, at 568–69 (Tex.Crim.App. 2007) (holding that trial court retains the authority to allow an amendment to an original motion within the seventy-five day period, and to rule on that amendment, so long as the [State] does not object).

In this case, appellant filed an original motion within the thirty-day period. Appellant did not file any amendments to this motion, nor did he request leave to file any amendments. Interpreting appellant's motion for new trial liberally, we cannot conclude that it encompasses any claim of prosecutorial misconduct. Although appellant's written motion contains a reference to the PSI report including a possible false statement, there is no specific allegation that the State committed misconduct in connection with the inclusion of this statement. We conclude that because appellant did not include this ground in his written motion for new trial (even if it was not fully developed at the time), he failed to preserve error on this complaint. *See State v. Provost,* 205 S.W.3d 561, 566 (Tex. App.-Houston [14th Dist.] 2006, no pet.)

(concluding that trial court had no authority to grant new trial based on ineffective assistance of counsel in drug possession case when defendant did not raise ineffective assistance in his motion for new trial); *Lee v. State,* 186 S.W.3d 649, 659 (Tex. App.-Dallas 2006, pet. ref'd) (stating that any grounds raised in the affidavits or discussed in appellant's brief that were not specifically asserted in the motion are not preserved for appellate review); *Cuellar v. State,* 943 S.W.2d 487, 491 (Tex.App.-Corpus Christi 1996, pet. ref'd) (concluding that instance of jury misconduct contained in affidavit but not specifically mentioned in motion for new trial was not properly before trial court or preserved for appellate review); *Ramirez v. State,* 2006 WL 2199059, at *1–2 (Tex.App.-Corpus Christi Aug.3, 2006, no pet.) (not designated for publication) (concluding that prosecutorial-vindictiveness claim was not preserved because it was not brought to the court's attention until closing arguments during the hearing on the motion for new trial, and appellant's claim in his written motion was cruel and unusual punishment, not prosecutorial vindictiveness); *see also* TEX. R.APP. P. 21.4 (providing that motion for new trial must be filed within thirty days after the trial court imposes sentence).

In addition, even if it were proper to conclude that appellant's complaints made at the hearing (but not in the written motion) were preserved, appellant still could not prevail because the complaint he raises on appeal is not the same complaint he raised at the hearing on his motion for new trial. At the hearing, appellant argued that the PSI report contained a false statement made by the complainant's mother, and the State should have informed defense counsel and the court, prior to sentencing, that this statement was false. On appeal, appellant argues that this alleged prosecutorial misconduct deprived him of both due process of law

under section 1 of the Fourteenth Amendment of the United States Constitution and a trial conducted according to due course of law under article I, section 19 of the Texas Constitution.

■ To preserve error for appellate review, the complaining party must make a timely, specific objection and obtain an adverse ruling on the objection. *See* TEX. R.APP. P. 33.1(a); *Broxton v. State,* 909 S.W.2d 912, 918 (Tex.Crim.App.1995). To complain on appeal about lack of due process or due course of law, an appellant must lodge a proper and timely objection at trial on these grounds. *See Briggs v. State,* 789 S.W.2d 918, 924 (Tex.Crim.App. 1990); *Phelps v. State,* 999 S.W.2d 512, 518 (Tex.App.-Eastland 1999, pet. ref'd). Although appellant, at the oral hearing on his motion for new trial, asserted that the State deceived the trial court by allegedly allowing evidence of a false extraneous-offense to remain in the PSI report, appellant did not raise any constitutional violations (other than ineffective assistance and right of confrontation) at any time in the trial court.

During the hearing, appellant's counsel made the following argument concerning alleged prosecutorial misconduct:

> We have raised in our motion the matter of there being an extraneous offense that was attributed to Mr. Clark[e] who was the defendant in the PSI report that both—that essentially he may have molested his sister in New York, Chyva Clark. She has provided an affidavit that [it] never happened. And the mother of the complainant to whom the remark was attributed in the PSI has also now provided an affidavit saying that she never told anyone that she had been told that by the sister.
>
> The mother of the complainant goes on to say in her affidavit that she was

asked prior to the sentencing hearing—prior to the PSI hearing by the prosecutor whether the defendant—whether she knew of the defendant's having molested his sister. The mother of the complainant said no, she knew nothing about that. So, the prosecutor had that information prior to the sentencing hearing.

And we are arguing as part of that is in the motion for new trial that the prosecutor had a duty at that point to inform defense counsel, Rand [sic] Mitzer, that this matter that's in the sentencing report is false. This extraneous offense didn't happen according to the sister as evidenced by the affidavit. But at the time the prosecutor knew that because the mother of the complainant was telling her I don't know anything about that sort of thing. And it was imputed to her in the sentencing report. So, there's an extraneous offense in the PSI that clearly didn't happen much less being proven beyond a reasonable doubt.

. . .

He [defense counsel] asked the defendant about it. He said I've never done such a thing. But he was left with really a dilemma, do I make a real issue out of this and bring up an extraneous [offense] that may have all sorts of damaging facts or not. It turns out this is a completely false allegation that somehow made its way into the presentence report. And what is particularly alarming is that the prosecutor apparently knew about it before the sentencing. Took no steps to alert the Court or defense counsel that this exculpatory evidence-that there was exculpatory evidence, namely the falsity of this extraneous offense.

So, these are our grounds that we're presenting the [sic] motion for new trial.

In the context of this argument, appellant did not voice any objections or arguments based on alleged federal or state constitutional violations. Because appellant did not assert in the trial court the constitutional objections set forth in his appellate brief, and because appellant is raising these issues for the first time on appeal, his arguments are not preserved for appellate review. *See Heidelberg v. State,* 144 S.W.3d 535, 538–40 (Tex.Crim.App.2004) (concluding that defendant failed to preserve error for appellate claim that prosecutor's use of defendant's post-arrest, pre-warning silence violated state constitution); *Neal v. State,* 150 S.W.3d 169, 178 (Tex. Crim.App.2004) (concluding that defendant waived claim on appeal that re-indictment of previously dismissed charge following his successful civil rights action was a result of prosecutorial vindictiveness, for among other reasons, the defendant's claim was not "specific" in that he never uttered the words "prosecutorial vindictiveness" or made his due-process claim at trial, and the complaint that the State acted in "bad faith" did not put the trial court on sufficient notice that he was raising a legally-cognizable due-process claim); *Spence v. State,* 795 S.W.2d 743, 762 (Tex. Crim.App.1990) (concluding that this was not a case of an imprecise specific objection where the correct ground of exclusion should have been obvious to the trial court and opposing counsel and simply because the defendant's trial attorneys mentioned ineffective assistance of counsel and the constitutional right to due process does not mean that the trial court should have understood the objection to encompass the Fifth or Sixth Amendment right to counsel); *Tovar v. State,* 221 S.W.3d 185, 188 (Tex. App.-Houston [1st Dist.] 2006, no pet.) (concluding that defendant's objection was not sufficient to preserve error for appellate review of his claim that the trial court's admission of videotape of minor complainant's interview by social worker violated statute allowing admission of

videotaped statement of child under certain circumstances, where defendant did not assert objection at trial on the specific grounds that such admission violated Texas Rule of Evidence 107 and article 38.07 of the Texas Code of Criminal Procedure); *Cantu v. State*, 994 S.W.2d 721, 732 (Tex. App.-Austin 1999, pet. dism'd) (concluding that state constitutional claims were waived because they were never raised at trial); *Hawkins v. State*, 964 S.W.2d 767, 769 (Tex.App.-Beaumont 1998, pet. ref'd) (citing *Marin v. State*, 851 S.W.2d 275, 279 (Tex.Crim.App.1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App.1997)) (concluding that most constitutional claims cannot be raised on direct appeal unless they were presented to the trial court, and the defendant's complaints that the State's investigative procedure violated his right to due process and fundamentally fair trial were not preserved); *Zaragosa v. State*, 721 S.W.2d 429, 429 (Tex.App.-Corpus Christi 1986, no

pet.) (concluding that appellant failed to preserve constitutional objections for appellate review by failing to object in the trial court on same grounds); *see also Guevara v. State*, 97 S.W.3d 579, 583 (Tex. Crim.App.2003) (holding that appellant failed to preserve any error regarding admission of victim-impact evidence because his objection at trial did not comport with complaint raised on appeal). Thus, inasmuch as appellant failed to preserve error, we do not reach the merits of his complaint.[1]

We overrule appellant's sole issue on appeal and affirm the trial court's judgment.

MARGARET GARNER MIRABAL, Senior Justice, dissenting.

I respectfully dissent.

The majority holds that appellant failed to preserve error for appellate review. I

---

1. In addition, to the extent that appellant objects to the actual admission of the extraneous-offense evidence, we conclude that appellant failed to preserve error in the trial court. At the time of the punishment hearing, appellant did not raise and obtain a ruling on any complaints as to admission of the PSI report. At the hearing, when the trial court asked the parties about the admission of the PSI report, appellant merely stated that there is "conjecture on behalf of the victim's mother which of course we object to under the victim's impact statement. But besides that, we have no problems." Appellant, however, did not direct the trial court to which statement under the heading "victim impact statement" he was referring, nor did he receive a ruling on this objection. *See Broxton*, 909 S.W.2d at 918 (concluding that objection must be specific enough to apprise the trial court as to the nature of the objection). Thereafter, appellant did not make any specific objections to this "statement" in the PSI report, or refer the trial court to the specific statement in question until the filing of his motion for new trial. At that point, it was too late to preserve any complaint he might have had concerning the admission of the PSI report and its con-

tents. *See Hardeman v. State*, 1 S.W.3d 689, 690 (Tex.Crim.App.1999) (concluding that when defendant has an opportunity to object and present evidence at sentencing stage but fails to do so, he waives error concerning trial court's failure to conduct separate punishment hearing; the subsequent filing of a motion for new trial does not substitute for timely objection); *see, e.g., Maloy v. State*, 990 S.W.2d 442, 446 (Tex.App.-Waco 1999, no pet.) (finding complaint on appeal that trial court should not have ordered restitution to insurance company not preserved because that complaint was not made to trial court and would not have been obvious to trial judge); *Smith v. State*, 10 S.W.3d 48, 49 (Tex. App.-Texarkana 1999, no pet.) (concluding defendant waived complaint on appeal that statute criminalizing possession of cocaine with intent to deliver was unconstitutional and cruel and unusual punishment because he did not object at trial to sentence imposed); *Oldham v. State*, 5 S.W.3d 840, 847 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd) (finding complaint that trial court erred in failing to order PSI report waived on appeal because defendant did not object or request preparation of report in trial court).

disagree. In my opinion, appellant's complaint has been preserved for review, and accordingly, we should reach the merits of appellant's complaint.

## I. Appellant's Motion for New Trial and Request for Hearing

Appellant timely filed a motion for new trial seeking a new punishment hearing. The motion states in part:

The punishment verdict is contrary to the law and the evidence. See Tex. R.App. P. 21.3(h). Specifically, the presentence investigation report in this case contained totally unfounded allegations from the Complainant's mother, M.M., that the Defendant had molested his own sister. M.M. is quoted in the report as stating that "she had an intuition that perhaps the defendant's sister had a similar experience with her brother the defendant, but was afraid to relate the experience to anyone."

Attached to this motion is the affidavit of the Defendant's sister, C.C., in which she: (1) flatly denies any such improper conduct by her brother, and (2) points out that in any case, M.M. barely knows her and was therefore in no position to form any "intuition" about her, or to impute any fear to her.

As is typically the case, the presentence investigation report was only made available to the defense shortly before the sentencing hearing on March 22nd. This provided inadequate time for (the sister) to travel from her home in New York to Houston to refute the erroneous and harmful suggestions made by the Complainant's mother. Simply, the defense was blindsided by allegations of an extraneous offense that the supposed victim of such offense would have been anxious to refute. This denied the defendant the effective assistance of his counsel, in violation of the Sixth Amendment to the United States Constitution. Defense counsel found himself in the unenviable and unfair position of being faced at the last minute with an allegation of an extraneous offense with no time to bring witnesses to refute such allegation, or even to fully investigate the claim. Although M.M. did testify at the hearing, counsel was faced with the choice of either questioning her about the supposed extraneous offense without having had any time to investigate such claim, and not knowing what details might emerge surrounding the claim, or leaving the matter alone. Either way, counsel was left unable to render effective assistance to his client due to the harmful allegations included in the presentence report through the hearsay testimony and speculation of M.M.

Appellant's motion for new trial complains that the *circumstances* of the PSI report that contained harmful and untruthful allegations, which was presented without adequate time for defense counsel to investigate and prepare a rebuttal, resulted in the *denial* of a *fair hearing* with effective assistance of counsel.

## II. Hearing on Motion for New Trial

At the hearing on appellant's motion for new trial, conducted pursuant to an Order of this Court, appellant submitted newly-learned additional evidence in support of his position that he was entitled to a new trial on punishment because he was denied a fair punishment hearing:

Your Honor, just in the way of making sure that our objection and our grounds here at this level are also grounds that are argued on appeal, so that there's no misunderstanding. We have raised in our motion the matter of there being an extraneous offense that was attributed to Mr. Clark who was the defendant in the PSI report that both—that essentially he may have molested his sister in

New York, C.C. She has provided an affidavit that that never happened. And the mother of the complainant to whom the remark was attributed in the PSI has also now provided an affidavit saying that she never told anyone that she had been told that by the sister.

The mother of the complainant goes on to say in her affidavit that she was asked prior to the sentencing hearing—prior to the PSI hearing by the prosecutor whether the defendant—whether she knew of the defendant's having molested his sister. The mother of the complaint said no, she knew nothing about that. **So, the prosecutor had that information prior to the sentencing hearing.**

**And we are arguing as part of what is in the motion for new trial that the prosecutor had a duty at that point to inform defense counsel that this matter that's in the sentencing report is false.** This extraneous offense didn't happen according to the sister as evidenced by the affidavit. **But at the time the prosecutor knew that because the mother of the complainant was telling her I don't know anything about that sort of thing.** And it was imputed to her in the sentencing report. So, there's an extraneous offense in the PSI that clearly didn't happen much less being proven beyond a reasonable doubt.

And that was never objected to by defense counsel. And I want to make a point about that. *This is not an ineffective assistance claim. It never was. If you look closely at the motion for new trial, I argue that the defendant was denied effective assistance of his counsel through no fault of counsel.* Counsel came in on the morning of the PSI hearing. Saw the PSI for the first time. It may have been the day before, it's in his affidavit. Saw this extraneous offense in there and was sort

of caught between a rock and a hard place. He didn't know whether to—he did object to it. But did not go into it during questioning of the complainant's mother, to whom the remark was made because he had not had time to investigate this.

He asked the defendant about it. He said I've never done such a thing. But he was left with really a dilemma, do I make a real issue out of this and bring up an extraneous that may have all sorts of damaging facts or not. It turns out this is a completely false allegation that somehow made its way into the presentence report. **And what is particularly alarming is that the prosecutor apparently knew about it before the sentencing. Took no steps to alert the Court or defense counsel that this exculpatory evidence—that there was exculpatory evidence, namely the falsity of this extraneous offense.**

So, these are our grounds that we're presenting for the motion for new trial.

THE COURT: All right. State, any rebuttal? Anything?

THE STATE: No, Your Honor.

(Emphasis added).

## III. Analysis

At the hearing on appellant's motion for new trial, consistent with the grounds asserted in the motion, the trial court was presented with unobjected-to evidence and argument that the *circumstances* of the PSI report which, with full knowledge of the prosecutor, contained harmful and untruthful allegations, and which was presented without adequate time for defense counsel to investigate and prepare a rebuttal, resulted in the *denial* of a *fair hearing* with effective assistance of counsel.

On appeal, appellant has chosen to focus on one part of his argument, i.e., that the

prosecutor's use of damaging evidence that the prosecutor knew was false—the prosecutor's failure to inform the trial court or defense counsel that the false allegations should be removed from the PSI report and not considered—resulted in an unfair punishment hearing, and therefore an unfair sentence. This argument, with evidence, was presented to the trial court, and thus has been preserved for appeal.

It is not fatal to appellant's case on appeal that he did not cite specific constitutional provisions to the trial court in support of his argument. From the bolded portions of his argument above, it was clear that appellant was making a *"Brady error"* [1] type argument. The constitutional principles requiring disclosure of evidence favorable to an accused and the prohibition on knowingly using false evidence to convict are basic to the due process of law mandated by the Fourteenth Amendment, and such rights are equally applicable to the due course of law rights identified in Art. I, § 19 of the Texas Constitution. *See Brady*, 373 U.S. at 87, 83 S.Ct. at 1196; *Ex Parte Adams*, 768 S.W.2d 281, 293 (Tex.Crim.App.1989). Enforcing these rights "is not punishment of society for misdeeds of a prosecutor but avoidance of an unfair trial to the accused." *Brady*, 373 U.S. at 87, 83 S.Ct. at 1196; *Adams*, 768 S.W.2d at 293. To the extent that an appellate record adequately shows that the trial court and opposing counsel are aware of the grounds for a defendant's objection or position, a general statement or argument preserves the complaint for appellate review. *See Wyborny v. State*, 209 S.W.3d 285, 291 (Tex.App.-Houston [1st Dist.] 2006, pet. ref'd) (citing *Samuel v. State*, 688 S.W.2d 492, 494 (Tex. Crim.App.1985)).

Here, similar to *Wyborny* and *Samuel*, appellant's statement of his position was clear enough to put the court on notice as to the nature of his complaint, i.e., *Brady error*, and therefore, to preserve error on appeal. We should reach the merits of his complaint.

---

1. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).