Affirmed and Majority and Dissenting Opinions filed August 30, 2007








Affirmed and Majority and Dissenting Opinions filed August 30,
2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00390-CR

____________

 

ARSENIO CARLOS CLARKE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 1021640

 



 

M  A J O R I T Y   O P I N I O N

Challenging his conviction for the felony offense of sexual
assault of a child, appellant asserts that the prosecutor deceived the trial
court during the punishment phase by allowing evidence concerning an allegedly
false extraneous offense to remain in the pre-sentence investigation report. 
We affirm. 

 

 








I.  Factual and Procedural
Background 

In December of 2004, appellant moved to Texas from out of
state to live with the family of the child complainant, T.M., a fourteen-year
old girl.  Appellant is the nephew of  T.M.=s step-father. 
T.M.=s mother and
step-father had agreed to help appellant improve his life by allowing him an
opportunity to move in with their family and work in  their family business. 

While living in his uncle=s home, appellant
shared a bedroom with T.M.=s brother. One day, T.M. walked into her
brother=s bedroom, where
appellant was playing a video game.  Appellant got up, closed the bedroom door,
and began to wrestle with T.M.  After a few moments, appellant pushed T.M. onto
a mattress that was on the floor.  While holding T.M. down, appellant removed
their clothing, and forced T.M. to engage in sexual intercourse.  When he was
finished, appellant stood up, got dressed, and shrugged at T.M.  T.M.
immediately ran to her own bedroom.  Too scared to tell her mother or
step-father about the incident,  T.M. decided that she would handle the matter
by herself.  Approximately five days later, T.M. attempted to confront
appellant and tell him that he could not engage in sexual intercourse with her,
but he again sexually assaulted her.  After the second assault, T.M. again
remained silent, and tried her best to avoid appellant.  

On Super Bowl Sunday of 2005, T.M. was watching television
in her bedroom , while the rest of the family watched the game in the family
room.  Appellant walked into T.M.=s bedroom, closed
the door, and locked it.  Appellant laid down on the floor and told T.M. that
he wanted to watch the game with her.  T.M. told him, Ano,@ and tried to get
him to leave.  Appellant, who was much stronger than T.M., forced her against
the wall, and again forced her to engage in sexual intercourse.  When he was
finished, appellant got up and left the room.  T.M. closed her bedroom door and
locked it.  








Several days later, T.M. went looking for her brother in
his bedroom.  Appellant was there, and her brother left the room.  Appellant
closed the door, sat T.M. down on the mattress, and began to whisper to her. 
T.M. got up and tried to open the bedroom door to leave.  T.M.=s step-father was
standing outside the door, and asked T.M. what they were whispering about. 
T.M. finally told her step-father about the incidents.  T.M.=s step-father
called T.M.=s mother, who immediately came home.  Initially, T.M.
had a difficult time telling her mother about the incidents.  Eventually,
however, T.M. recounted some of the things that appellant had been doing to
her. T.M.=s mother was furious and confronted appellant. 
Appellant told her that the sexual intercourse was consensual.  T.M. was taken
to a hospital to be examined. 

Appellant was arrested and charged with the felony offense
of sexual assault of a child.  He pleaded Aguilty@ without an agreed
recommendation from the State.  The trial court found appellant guilty of the
charged offense, and after obtaining a presentence investigation (APSI@) report, assessed
punishment at ten years= confinement in the Institutional Division
of the Texas Department of Criminal Justice.  Appellant filed a motion for new
trial and noted that the PSI report Acontained totally
unfounded allegations from the complainant=s mother . . .
that the defendant had molested his own sister.@ 

II. Issue and Analysis

          
Appellant
presents a single point on appeal: 

AThe prosecutor deliberately deceived the trial court during the
punishment phase by allowing evidence concerning an alleged extraneous offense
known by the prosecutor to be false, to remain in the pre-sentence report, in
violation of the Fourteenth Amendment of the United States Constitution and
Article 1, Section 19 of the Texas Constitution.@             

 








In his written motion for new trial, appellant alleged
that: (1) his counsel was not timely given the PSI report resulting in a denial
of effective assistance of counsel, (2) he was denied his right to effectively
confront the witness used against him, and (3) the alleged extraneous offense
was inadmissible because it was not proven beyond a reasonable doubt.  The
trial court denied appellant a hearing on this motion.  When the case reached
this court on appeal, we abated on the ground that the trial court had failed
to hold a hearing on a motion for new trial that raised matters that were not
determinable from the record.  See Clarke v. State, No. 14-06-00390-CR
(Tex. App.CHouston [14th Dist.] Oct. 26, 2006) (abatement
order).  We concluded that appellant timely filed and presented his motion for
new trial alleging ineffective assistance of counsel and that a hearing was
necessary to develop the facts supporting these claims.  Id. 

On abatement, the trial court conducted an oral hearing on
the motion for new trial.  At that hearing, however, appellant completely
abandoned the grounds asserted in his written motion and instead alleged, for
the first time, that the prosecutor had knowledge that the alleged extraneous
offense was false, and thus had a duty to report the same to the trial court.
This alleged prosecutorial misconduct was not a ground raised in the written
motion for new trial,  yet it is the only ground appellant now urges on
appeal.  In his appellate brief appellant does not raise grounds (1)B(3), as set forth
in his written motion for new trial.  Thus, we do not address any of the
grounds in appellant=s written motion for new trial, and
instead consider only whether he preserved error as to the complaint he now
urges on appeal. 








Under the rules of appellate procedure, an appellant has
thirty days after the judgment is final to request a new trial.  Tex. R. App. P.  21.4(a) (stating that
all motions for new trial must be submitted to the trial court within thirty
days of the final judgment).  Any amendments to the motion  also  must be
completed within the same thirty-day period.  Flores v. State, 18 S.W.3d
796, 798 (Tex. App.CAustin 2000, no pet.); Mallet v. State,
9 S.W.3d 856, 865(Tex. App.CFort Worth 2000, no pet.).  Within thirty
days after the date when the trial court imposes or suspends a sentence in open
court but before the court overrules any previously filed motion for new trial,
a defendant, without leave of court, may file one or more amended motions for
new trial.  Tex. R. App. P.  21.4
(a).  However, no amendment is allowed after the thirty days have expired
unless the trial court grants leave, and the opposing party does not object.  State
v. Moore, C S.W.3d.C, 2007 WL 1610453,
at *9 (Tex. Crim. App. June 6, 2007) (holding that trial court retains the
authority to allow an amendment to an original motion within the seventy-five
day period, and to rule on that amendment, so long as the [State] does not
object). 








In this case, appellant filed an original motion within the
thirty-day period.  Appellant did not file any amendments to this motion, nor
did he request leave to file any amendments. Interpreting appellant=s motion for new trial liberally, we
cannot conclude that it encompasses any claim of prosecutorial misconduct. 
Although appellant=s written motion contains a reference to the PSI report
including a possible false statement, there is no specific allegation that the
State committed misconduct in connection with the inclusion of this statement. 
We conclude that because appellant did not include this ground in his written
motion for new trial (even if it was not fully developed at the time), he failed to preserve
error on this complaint.  See State v. Provost, 205 S.W.3d 561, 566
(Tex. App.CHouston [14th Dist.] 2006, no pet.) (concluding that
trial court had no authority to grant new trial based on ineffective assistance
of counsel in drug possession case when defendant did not raise ineffective
assistance in his motion for new trial); Lee v. State, 186 S.W.3d 649,
659 (Tex. App.CDallas 2006, pet. ref=d) (stating that
any grounds raised in the affidavits or discussed in appellant=s brief that were
not specifically asserted in the motion are not preserved for appellate
review); Cueller v. State, 943 S.W.2d 487, 491 (Tex. App.CCorpus Christi
1996, pet. ref=d) (concluding that instance of jury misconduct
contained in affidavit but not specifically mentioned in motion for new trial
was not properly before trial court or preserved for appellate review); Ramierz
v. State, 2006 WL 2199059, at *1B2 (Tex. App.CCorpus Christi
Aug. 3, 2006, no pet.) (not designated for publication) (concluding that
prosecutorial-vindictiveness claim was not preserved because it was not brought
to the court=s attention until closing arguments during the hearing
on the motion for new trial, and appellant=s claim in his
written motion was cruel and unusual punishment, not prosecutorial vindictiveness);
 see also Tex. R. App. P. 21.4
(providing that motion for new trial must be filed within thirty days after the
trial court imposes sentence). 

  In addition, even if it were proper to conclude that
appellant=s complaints made at the hearing (but not in the
written motion) were preserved, appellant still could not prevail because the
complaint he raises on appeal is not the same complaint he raised at the
hearing on his motion for new trial.  At the hearing, appellant argued that the
PSI report contained a false statement made by the complainant=s mother, and the
State should have informed defense counsel and the court, prior to sentencing,
that this statement was false.  On appeal, appellant argues that this alleged
prosecutorial misconduct deprived him of both due process of law under section
1 of the Fourteenth Amendment of the United States Constitution and a trial
conducted according to due course of law under article I, section 19 of the
Texas Constitution.   

To preserve error for appellate review, the complaining
party must make a timely, specific objection and obtain an adverse ruling on
the objection.   See Tex. R. App.
P. 33.1(a); Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim.
App. 1995).  To complain on appeal about lack of due process or due course of
law, an appellant must lodge a proper and timely objection at trial on these
grounds.  See Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App.
1990); Phelps v. State, 999 S.W.2d 512, 518 (Tex. App.CEastland 1999,
pet. ref=d).  Although
appellant, at the oral hearing on his motion for new trial, asserted that the
State deceived the trial court by allegedly allowing evidence of a false
extraneous-offense to remain in the PSI report, appellant did not raise any
constitutional violations (other than ineffective assistance and right of
confrontation) at any time in the trial court.  

During the hearing, appellant=s counsel made the
following argument concerning alleged prosecutorial misconduct:








We have raised in our motion the
matter of there being an extraneous offense that was attributed to Mr. Clark[e]
who was the defendant in the PSI report that bothCthat essentially he may have molested his sister in
New York, Chyva Clark.  She has provided an affidavit that [it] never
happened.  And the mother of the complainant to whom the remark was attributed
in the PSI has also now provided an affidavit saying that she never told anyone
that she had been told that by the sister.           

The mother of the complainant goes
on to say in her affidavit that she was asked prior to the sentencing hearingCprior to the PSI hearing by the
prosecutor whether the defendantCwhether she knew of the defendant=s having molested his sister.  The
mother of the complainant said no, she knew nothing about that.  So, the
prosecutor had that information prior to the sentencing hearing.                             

And we are arguing as part of that is in the motion
for new trial that the prosecutor had a duty at that point to inform defense
counsel, Rand [sic] Mitzer, that this matter that=s in the sentencing report is false.  This
extraneous offense didn=t happen according to the sister as
evidenced by the affidavit.  But at the time the prosecutor knew that because
the mother of the complainant was telling her I don=t know anything about that sort of
thing. And it was imputed to her in the sentencing report.  So, there=s an extraneous offense in the PSI
that clearly didn=t happen much less being proven
beyond a reasonable doubt. 

. . .

He [defense
counsel] asked the defendant about it. He said I=ve never done such
a thing. But he was left with really a dilemma, do I make a real issue out of
this and bring up an extraneous [offense] that may have all sorts of damaging
facts or not.  It turns out this is a completely false allegation that somehow
made its way into the presentence report. And what is particularly alarming is
that the prosecutor apparently knew about it before the sentencing.  Took no steps
to alert the Court or defense counsel that this exculpatory evidenceCthat there was
exculpatory evidence, namely the falsity of this extraneous offense.          

So, these are our
grounds that we=re presenting the [sic] motion for new
trial. 













In the
context of this argument, appellant did not voice any objections or arguments
based on alleged federal or state constitutional violations.  Because appellant
did not assert in the trial court the constitutional objections set forth in
his appellate brief, and because appellant is raising these issues for the
first time on appeal, his arguments are not preserved for appellate review.  See
Heidelberg v. State, 144 S.W.3d 535, 538B40 (Tex. Crim.
App.  2004) (concluding that defendant failed to preserve error for appellate
claim that prosecutor=s use of defendant=s post-arrest,
pre-warning silence violated state constitution); Neal v. State, 150
S.W.3d 169, 178 (Tex. Crim. App. 2004) (concluding that defendant waived claim
on appeal that re-indictment of previously dismissed charge following his
successful civil rights action was a result of prosecutorial vindictiveness,
for among other reasons, the defendant=s claim was not Aspecific@ in that he never
uttered the words Aprosecutorial vindictiveness@ or made his
due-process claim at trial, and the complaint that the State acted in Abad faith@ did not put the
trial court on sufficient notice that he was raising a legally-cognizable
due-process claim); Spence v. State, 795 S.W.2d 743, 762 (Tex. Crim.
App.  1990) (concluding that this was not a case of an imprecise specific
objection where the correct ground of exclusion should have been obvious to the
trial court and opposing counsel and simply because the defendant=s trial attorneys
mentioned ineffective assistance of counsel and the constitutional right to due
process does not mean that the trial court should have understood the objection
to encompass the Fifth or Sixth Amendment right  to counsel); Tovar v.
State, 221 S.W.3d 185, 188 (Tex. App.CHouston [1st
Dist.] 2006, no pet.) (concluding that defendant=s objection was
not sufficient to preserve error for appellate review of his claim that the
trial court=s admission of videotape of minor complainant=s interview by
social worker violated statute allowing admission of videotaped statement of
child under certain circumstances, where defendant did not assert objection at
trial on the specific grounds that such admission violated Texas Rule of
Evidence 107 and article 38.07 of the Texas Code of Criminal Procedure); Cantu
v. State, 994 S.W.3d 721, 732 (Tex. App.CAustin 1999, pet.
dism=d) (concluding
that state constitutional claims were waived because they were never raised at
trial); Hawkins v. State, 964 S.W.2d 767, 769 (Tex. App.CBeaumont 1998, pet.
ref=d) (citing Marin
v. State, 851 S.W.2d 275, 279 (Tex. Crim. App.  1993), overruled on
other grounds by Cain v. State, 947 S.W.2d 262 (Tex. Crim. App.  1997))
(concluding that most constitutional claims cannot be raised on direct appeal
unless they were presented to the trial court, and the defendant=s complaints that
the State=s investigative procedure violated his right to due
process and fundamentally fair trial were not preserved); Zaragosa v. State,
721 S.W.2d 429, 429 (Tex. App.CCorpus Christi 1986, no pet.) (concluding
that appellant failed to preserve constitutional objections for appellate
review by failing to object in the trial court on same grounds); see also
Guevara v. State, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003) (holding that
appellant failed to preserve any error regarding admission of victim‑impact
evidence because his objection at trial did not comport with complaint raised
on appeal).  Thus, inasmuch as appellant failed to preserve error, we do not
reach the merits of his complaint.[1]

 








We overrule appellant=s sole issue on
appeal and affirm the trial court=s judgment.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment rendered and Majority and Dissenting Opinions
filed August 30, 2007.

Panel consists of Justices Anderson, Frost, and Mirabal.[2] 
(Mirabal, J., dissenting).

Publish C Tex. R. App. P. 47.2(b).









[1]  In addition, to the extent that appellant objects to
the actual admission of the extraneous-offense evidence, we conclude that
appellant failed to preserve error in the trial court.  At the time of the
punishment hearing, appellant did not raise and obtain a ruling on any
complaints as to admission of the PSI report.  At the hearing, when the trial
court asked the parties about the admission of the PSI report, appellant merely
stated that there is Aconjecture on behalf of the victim=s mother which of course we object to under the victim=s impact statement. But besides that, we have no
problems.@  Appellant, however, did not direct the trial court
to which statement under the heading Avictim
impact statement@ he was referring, nor did he receive a ruling on this
objection.  See Broxton, 909 S.W.2d at 918 (concluding that objection
must be specific enough to apprise the trial court as to the nature of the
objection).  Thereafter, appellant did not make any specific objections to this
Astatement@ in
the PSI report, or refer the trial court to the specific statement in question
until the filing of  his motion for new trial.  At that point, it was too late
to preserve any complaint he might have had concerning the admission of the PSI
report and its contents.  See Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999) (concluding that
when defendant has an opportunity to object and present evidence at sentencing
stage but fails to do so, he waives error concerning trial court=s failure to conduct separate
punishment hearing; the subsequent filing of a motion for new trial does not
substitute for timely objection); see, e.g., Maloy v. State, 990 S.W.2d
442, 446 (Tex. App.CWaco 1999, no pet.) (finding
complaint on appeal that trial court should not have ordered restitution to
insurance company not preserved because that complaint was not made to trial
court and would not have been obvious to trial judge); Smith v. State, 10
S.W.3d 48, 49 (Tex. App.CTexarkana 1999, no pet.)
(concluding defendant waived complaint on appeal that statute criminalizing
possession of cocaine with intent to deliver was unconstitutional and cruel and
unusual punishment because he did not object at trial to sentence imposed); Oldham
v. State, 5 S.W.3d 840, 847 (Tex. App.C Houston [14th Dist.] 1999, pet. ref=d) (finding complaint that trial
court erred in failing to order PSI report waived on appeal because defendant
did not object or request preparation of report in trial court).

 





[2]  Senior Justice Margaret G. Mirabal sitting by
assignment.