

## NUMBER 13-08-00285-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

ARTURO RETA,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

On appeal from the 94th District Court of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Garza

Appellant, Arturo Reta, was charged by indictment with five counts of sexual assault of a child, *see* TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (Vernon Supp. 2008), and one count of indecency with a child. *See id.* § 21.11(a)(1), (c)(1) (defining "sexual contact" as "any touching by a person, including touching through clothing, of the anus, breast, or any

part of the genitals of a child").[1]  Pursuant to a plea agreement, Reta pleaded guilty to all charges and was placed on community supervision for ten years with a $750.00 fine.[2]

On March 24, 2008, the State filed a motion to revoke, alleging that Reta violated numerous conditions of his community supervision.[3]  Reta pleaded "true" to the allegations contained in the State's motion to revoke, and the trial court subsequently sentenced him to fifteen years' confinement in the Texas Department of Criminal Justice-Institutional Division for each count.  The sentences were ordered to run concurrently.[4]  On April 28, 2008, Reta filed a motion to reconsider the sentence, asserting that he did not receive effective assistance of counsel and requesting a new hearing.  After a hearing, the trial court denied Reta's motion to reconsider sentence.

By one issue, Reta contends that the trial court erred in denying his motion to reconsider sentence because his trial counsel provided ineffective assistance of counsel.[5]  We affirm.

## I. STANDARD OF REVIEW

In a criminal case, any post-verdict motion seeking to return the case to the posture in which it had been before trial is functionally indistinguishable from a motion for new trial;

---

[1] Each of the six counts alleged in the indictment were second-degree felonies.  *See* TEX. PENAL CODE ANN. § 22.011(f) (Vernon Supp. 2008), § 22.11(d) (Vernon 2003).

[2] The trial court also imposed court costs of $551.00 and required Reta to pay $3,000 in restitution to the Crime Victims Compensation Fund.

[3] In its motion to revoke, the State alleged that Reta violated the conditions of his community supervision by being arrested for public intoxication, consuming alcohol and drugs, being present in a public place—the beach—around children, and failing to pay required fees and restitution, among other things.

[4] On October 29, 2007, the trial court certified Reta's right to appeal his community supervision; on April 10, 2008, the trial court certified Reta's right to appeal his fifteen-year sentence.

[5] The State has not filed an appellate brief in this matter.

therefore, because Reta requested a new hearing in his motion to reconsider sentence, we will construe the motion as a motion for new trial. *See State v. Evans*, 843 S.W.2d 576, 577-78 (Tex. Crim. App. 1992); *see also Pedraza v. State*, 69 S.W.3d 220, 222 n.1 (Tex. App.–Corpus Christi 2001, no pet.); *State v. Kanapa*, 778 S.W.2d 592, 593 (Tex. App.–Houston [1st Dist.] 1989, no writ). We review a trial court's ruling on a motion for new trial under an abuse of discretion standard. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007) (citing *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004)). We view the evidence in the light most favorable to the trial court's ruling. *Id.* We uphold the trial court ruling if the ruling was not arbitrary and was within the zone of reasonable disagreement. *Id.* "A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court ruling." *Id.* (citing *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004)).

## II. ANALYSIS

In his sole issue on appeal, Reta argues that the trial court "commited [sic] error by failing to give [him] a new trial based on his testimony" at the hearing on his motion to reconsider sentence. Specifically, Reta alleges that he presented sufficient evidence to demonstrate that his trial counsel provided ineffective assistance of counsel and, therefore, the trial court should have granted his motion and scheduled a new trial.

### A. Applicable Law

To establish ineffective assistance of counsel, Reta must show: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 684 (1984); *Hernandez*

*v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.). Whether this test has been met is to be judged on appeal by the totality of representation, not by any isolated acts or omissions. *Jaynes*, 216 S.W.3d at 851. The burden rests on the appellant to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)).

Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if the appellant overcomes the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851. The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). Moreover, the acts or omissions that form the basis of appellant's claim of ineffective assistance must be supported by the record. *Thompson*, 9 S.W.3d at 814; *Jaynes*, 216 S.W.3d at 851. A silent record which provides no explanation for counsel's actions usually will not overcome the strong presumption of reasonable assistance. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Thompson*, 9 S.W.3d at 813-14.

**B. Discussion**

We begin our analysis by noting that, although not enumerated as a basis for a new trial in rule 21.3 of the appellate rules, Texas courts have held that a defendant may raise an ineffective assistance of counsel claim in a motion for new trial. *See* TEX. R. APP. P. 21.3 (providing grounds for which a defendant must be granted a new trial or a new trial

4

on punishment); *see also State v. Provost*, 205 S.W.3d 561, 565-66 (Tex. App.–Houston [14th Dist.] 2006, no pet.) (stating that a defendant may raise ineffective assistance of counsel in a motion for new trial even though it is not a ground specifically enumerated in rule 21.3 of the rules of appellate procedure) (citing *State v. Gonzalez*, 855 S.W.2d 692, 694 (Tex. Crim. App. 1993); *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993)). Therefore, Reta properly raised his ineffective assistance of counsel claim in his motion. *See Provost*, 205 S.W.3d at 565-66.

In his motion, Reta alleged the following:

1. Defendant's wife was present in the Court room prepared to testify [at the hearing on the State's motion to revoke], but was not called to the "stand."

2. Respondent [Reta] was not given sufficient time to explain the reasons for the allegations on the Motion to Revoke Probation.

3. Defendant alleges, "[]his attorney on the Motion to Revoke did not do a good job."

At the hearing on Reta's motion, Reta stated that:

We had came [sic] unprepared and I hadn't spoke[n] to my attorney. I was—I wasn't advised right to telling him what had really happened, why I was there, why these things happened. I wasn't able to bring my witnesses. I didn't really understand what was going on. I didn't know that I had a chance to bring my witnesses to what happened that day.

He commented further on trial counsel's performance at the hearing on the State's motion to revoke:

He didn't give me time to prepare, he didn't give me time to bring my witnesses to try to bring the people I had got their phone numbers when we got arrested for PI, or the people that saw me picking up the cans, the people that were there, the people who got sobriety tests and I didn't get one.

In his motion and on appeal, Reta's complaints center on the events surrounding his arrest at a local beach for public intoxication.

At the hearing on the State's motion to revoke, Reta called four witnesses to testify about his character and his family circumstances. Among the witnesses called were Crystal Marroquin, Reta's ex-girlfriend, and Lisa Sonsteng, his wife. In addition, at both the hearing on the State's motion to revoke and at the hearing on his motion, Reta admitted that each of the State's allegations that he violated the conditions of his community supervision were indeed true.[6] Moreover, at the hearings on the State's motion to revoke and on his motion, Reta failed to explain why he chose to not pay restitution to the Crime Victims Compensation Fund and other court ordered fees.[7] Reta's failure to make these payments constituted several violations of his community supervision. Therefore, the trial court had many reasons for granting the State's motion to revoke and sentencing Reta according to the punishment range for second-degree felonies for each of the six counts.[8] *See Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.–Eastland 2008, pet. ref'd) (holding that proof by a preponderance of the evidence of any one of the alleged violations of the community-supervision conditions is sufficient to support a revocation order) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.–Fort Worth 2005, pet. ref'd)).

Reta has not demonstrated that but for trial counsel's errors, if any, the result of the hearing would have been different. *See Strickland*, 466 U.S. at 684; *Hernandez*, 726 S.W.2d at 57; *Jaynes*, 216 S.W.3d at 851. Accordingly, we conclude that Reta has not

---

[6] On appeal, Reta does not allege that he entered an unknowing or involuntary plea.

[7] In fact, Reta admitted that he was $6,000 ahead in his child support payments to Marroquin for their two children.

[8] The punishment range for second-degree felonies is "for any term of not more than 20 years or less than 2 years." *Id.* § 12.33 (Vernon 2003).

6

overcome the presumption of reasonable assistance and, therefore, has not established his ineffective assistance of counsel claim. *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851. We further conclude that the trial court did not abuse its discretion in denying Reta's motion. *See Webb*, 232 S.W.3d at 112. We overrule Reta's sole issue on appeal.

### III. CONCLUSION

We affirm the judgment of the trial court.

_____
DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 14th day of May, 2009.