The STATE of Texas, Appellant,

v.

Victor PROVOST, Appellee.

No. 14–05–00537–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 15, 2006.

Rehearing Overruled Aug. 10, 2006.

Joel H. Bennett, Galveston, for appellant.

Thomas W. McQuage, Galveston, for appellee.

Panel consists of Justices HUDSON, FOWLER, and SEYMORE.

## OPINION

J. HARVEY HUDSON, Justice.

The State appeals the trial court's granting a motion for new trial and setting aside the conviction of Victor Provost, appellee, for possession of a controlled substance. We vacate the order granting the motion for new trial and remand the cause to the trial court to enter judgment of conviction in accordance with the jury's verdict.

### BACKGROUND

Appellee entered a plea of "not guilty" to the offense of possession of a controlled substance and proceeded to a jury trial. During the cross-examination of one of the arresting officers, appellee's trial counsel sought to introduce the police report. The police report referred to appellee as "a documented and well know[n] member of the bloods gang and a drug dealer." In the following exchange among the trial judge, appellee's trial attorney, and the prosecutor, the prosecutor pointed out the statement in the police report to the trial judge and appellee's attorney:

> MR. BURKS [appellee's attorney]: I would like to offer Defendant's exhibit 1.

> (At the Bench, on the record:)

> MS. CHESLEY [the prosecutor]: Your Honor, I have no objection to him admitting this but he needs to be fully aware that the [first] paragraph states that victim [sic] is a well known member of the bloods gang and a drug dealer.

> MR. BURKS: I understand that, Your Honor. I'm offering it so obviously I understand.

> THE COURT: Okay. Is this part of your strategy?

> MR. BURKS: Yes.

> THE COURT: Okay.

> MS. CHESLEY: No objection.

The police report, in its entirety, was admitted into evidence. The jury found appellee guilty of possession of a controlled substance. Prior to the start of the sentencing phase of the trial, appellee filed a motion for instructed verdict, which the trial court denied. Appellee also filed a motion to reconsider the denial of his motion for a directed verdict, which the trial court also denied.

The trial court sentenced appellee to 10 years' incarceration in the Texas Department of Criminal Justice, Institutional Division. After sentencing, appellee filed a motion for new trial challenging the legal sufficiency of the evidence supporting his conviction. Appellant's motion for new trial also cited Article 38.17 of the Texas Code of Criminal Procedure, which requires the trial court to direct a verdict of acquittal when two witnesses are not called as required by law and when accomplice witnesses testimony must be corroborated by the circumstances. TEX.CODE CRIM. PROC. art. 38.17 (Vernon 2005).

On May 6, 2005, the trial court granted appellee's motion for new trial. When granting the motion, the trial court struck through the phrase in the order, "the Court finds the evidence insufficient to support the verdict." On May 25, 2005, the trial court also made the following findings of fact and conclusions of law explaining that its ruling was based on ineffective assistance of counsel for introducing the police report containing the statement referring to appellee as "a documented and well know[n] member of the bloods gang and a drug dealer":

### I. FINDINGS OF FACT

1. The defendant, Victor Provost, was tried by a jury for the felony offense of possession of a controlled substance, namely, cocaine, in an amount of four grams or more but

less than 200 grams—with enhancement. The trial began on March 17, 2005.

2. The attorney representing the defendant, Gerald Burks offered the arresting officer's offense report into evidence as Defendant's Exhibit No. 1 during the guilt-innocence phase of the trial.

3. The State's attorney, Karen Chesley, asked the Court for a sidebar conference. At the bench, outside the hearing of the jury, Ms. Chesley stated that State had no objections but wanted to point out to the Court and to Mr. Burks that the offense report stated that the defendant is a well know member of the Bloods gang and a drug dealer.

4. Mr. Burks stated that he understood that and still wanted to introduce the offense report into evidence.

5. The Court asked Mr. Burks if this decision was part of this trial strategy.

6. Mr. Burks stated that it was.

7. Mr. Burks did nothing during the remainder of the trial to indicate that introducing the evidence of the defendant's being a known drug dealer and member of the Bloods gang was part of his trial strategy. He never referred to, alluded to or explained anything about that information to the jury.

8. The jury returned a verdict of guilty for Mr. Provost on March 18, 2005.

9. On May 5, 2005 the Court granted the defendant's Motion for New Trial.

## II. CONCLUSIONS OF LAW

1. The evidence of the Defendant's being a known drug dealer and member of the Bloods gang was extremely prejudicial. That prejudice far outweighed any probative value.

2. The defense attorney, Gerald Burks, was ineffective in his representation of Mr. Provost by introducing to the jury the information that his client, Victor Provost, was a known drug dealer and member of the Bloods gang during the guilt-innocence phase of the trial.

### TRIAL COURT'S JURISDICTION IN GRANTING A MOTION FOR NEW TRIAL

 In its first issue, the State contends that because the ground on which the trial court granted the motion for new trial, i.e., ineffective assistance of counsel, was not raised in appellee's motion, the trial court was without authority to order a new trial. Appellee responds by arguing that the State's position is at odds with jurisprudence that preserves the defendant's right to counsel "from implied waiver by procedural default." Appellee further claims the State's contention that the trial court lacked authority to grant a new trial on a ground not raised in the motion for new trial fails to consider the trial court's independent duty to ensure the defendant's constitutional right to counsel by ordering a new trial when justice has not been done.

 While appellant's general suppositions are true, they have no relevance to the point at issue.[1] We recognize that a

---

1. "The right to counsel is fundamental and essential to a fair trial. . . . It is well settled that the Sixth Amendment right to counsel is not forfeitable, but may only be waived by the conscious and intelligent decision of the person who holds the right." *Ex parte Gonzales,*

945 S.W.2d 830, 835 (Tex.Crim.App.1997) (citations omitted). When the United States Supreme Court refers to a Sixth Amendment "right to counsel," it means the right of "reasonably effective assistance" of counsel. *Robinson v. State,* 16 S.W.3d 808, 812 (Tex.Crim.

defendant may raise ineffective assistance of counsel in a motion for new trial even though it is not a ground specifically enumerated in Rule 21.3 of the Rules of Appellate Procedure.[2] *State v. Gonzalez,* 855 S.W.2d 692, 694 (Tex.Crim.App.1993) (citing *Reyes v. State,* 849 S.W.2d 812, 815 (Tex.Crim.App.1993)). Similarly, the trial court may grant a motion for new trial in the interest of justice even though it is not one of the grounds for granting a new trial specifically enumerated in rule 21.3. *Id.*

■ However, appellee's argument that the trial court can grant a motion for new trial in the interest of justice does not advance his case here because *a defendant must allege sufficient grounds* (even if they are not enumerated in rule 21.3) to apprise the trial judge and the State as to why he believes himself entitled to a new trial. *Id.* at 694–95.[3] Moreover, it is well settled that a motion for new trial in a criminal case may be granted only on the defendant's timely motion—the trial court has no authority to grant a new trial on its own motion. *Ex parte Ybarra,* 629 S.W.2d 943, 945 (Tex.Crim.App.1982); *Zaragosa v. State,* 588 S.W.2d 322, 326–27 (Tex.Crim. App.1979).

Here, appellee *did not raise* ineffective assistance of counsel in his motion for new trial. Thus, the trial court lacked authority to order a new trial on ineffective assistance of counsel. Moreover, because the trial court had no authority to grant a new trial on a ground not raised by the defendant in his motion, its findings of fact and conclusions of law setting forth the ineffective assistance ground are not relevant.

■ Nevertheless, we will uphold the trial court's judgment if any appropriate ground exists to support it. *State v. Belcher,* 183 S.W.3d 443, 447 (Tex.App.-Houston [14th Dist.] 2005, no pet.). Thus, we must still address the grounds raised in appellee's motion for new trial even though it is apparent the trial court did not grant a new trial on those grounds.

## MOTION FOR NEW TRIAL STANDARD OF REVIEW

■ The granting of a motion for new trial is a matter within the trial court's discretion. *Lewis v. State,* 911 S.W.2d 1, 7 (Tex.Crim.App.1995). The reviewing court does not substitute its judgment for that of the trial court, but, instead, decides whether the trial court's decision was arbitrary or unreasonable.

App.2000) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Thus, a defendant does not waive a claim of ineffective assistance of counsel merely by failing to present it in the trial court. *See id.* at 812–13 (observing that "the standards for waiver should not be any less stringent in the context of an ineffective assistance claim than when we are speaking of a 'right to counsel' claim").

2. *See* Tex.R.App. P. 21.3 (listing grounds on which the defendant must be granted a new trial).

3. Other courts of appeals have considered claims for ineffective assistance of counsel that were raised in the motion for new trial when finding the trial court could find a new trial was warranted in the "interest of justice." *See, e.g., State v. Gill,* 967 S.W.2d 540, 543 (Tex.App.-Austin 1998, pet. ref'd) (addressing ineffectiveness of counsel claim, which was raised in defendant's motion for new trial, and holding the trial court could have reasonably determined that the integrity and reliability of the fact finding process had been under undermined and, therefore, justice required a new trial); *State v. Kelley,* 20 S.W.3d 147, 155 (Tex.App.-Texarkana 2000, no pet.)(addressing claims for ineffective assistance of counsel and improper paneling of the jury, and holding it was reasonable for the trial court to find the integrity and reliability of the verdict had been undermined by errors and, therefore, justice required a new trial).

*Id.* We will reverse only when the trial court's decision was clearly wrong and outside the zone of reasonable disagreement. *Gonzalez,* 855 S.W.2d at 694 n. 4. The ruling of the trial court is presumed correct and the burden rests on the State to establish the contrary. *Kelley,* 20 S.W.3d at 150–51 (citing *Lee v. State,* 167 Tex. Crim. 608, 322 S.W.2d 260, 262 (1958)).

## LEGAL SUFFICIENCY OF THE EVIDENCE

■■■■ Appellee argues we should apply a factual sufficiency standard of review. Appellee, however, did not assert factual insufficiency, but, instead, legal insufficiency. Thus, we will address the legal sufficiency ground as asserted in appellee's motion for new trial. When deciding a motion for new trial challenging the legal sufficiency of the evidence, the trial court applies the appellate legal sufficiency standard of review. *State v. Mercier,* 164 S.W.3d 799, 813 (Tex.App.-Corpus Christi 2005, pet. ref'd); *State v. Savage,* 905 S.W.2d 272, 274 (Tex.App.-San Antonio 1995), *aff'd,* 933 S.W.2d 497 (Tex.Crim. App.1996). Thus, the trial court, viewing the evidence in the light most favorable to the verdict, must determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *State v. Lewis,* 151 S.W.3d 213, 220 (Tex.App.-Tyler 2004, pet. ref'd); *State v. Daniels,* 761 S.W.2d 42, 45 (Tex.App.-Austin 1988, pet. ref'd). When reviewing the evidence, the trial court may not sit as the thirteenth juror and may not substitute its beliefs for those of the jury. *State v. Hart,* 905 S.W.2d 690, 693 (Tex. App.-Houston [14th Dist.] 1995, pet. ref'd). If the evidence meets this standard, the trial court has abused its discretion in granting the motion for new trial. *Savage,* 905 S.W.2d at 274; *Daniels,* 761 S.W.2d at 45.

■■■ On July 11, 2003, Officer Quinn Pearson of the Galveston Police Department was patrolling an area around the Sandpiper Cove Apartments on Galveston Island. Pearson was traveling down Avenue H when he saw appellee, whose driver's license was suspended, driving a car. Pearson turned around and "tried to stop him on traffic," but appellee had turned down 40th Street. Pearson lost sight of appellee, but eventually saw him pulled over to the side, sitting in his vehicle with no lights on.

Pearson testified that he pulled up next to appellee with their vehicles "almost door to door." When Pearson stepped out of his vehicle, he smelled the odor of burning marijuana and ordered appellee to turn off the car or step out of it. Appellee did not respond, but, instead, leaned down almost out of sight. Appellee sat back up, but did not get out of the car, and, instead, put the car in gear, appearing as if he was going to drive away. When appellee put the car in gear, Pearson thought he was going to flee and told him "don't do it." Appellant apparently said he was just going to move the car out of the street. Appellee drove around the corner and stopped. As appellee drove away, Pearson saw a large clear plastic bag containing beige rocks he believed to be crack cocaine blow out from underneath appellee's vehicle as it moved.

Pearson got back in his car to follow appellee. Pearson pulled up behind appellee's stopped vehicle. Appellee opened the door as Pearson walked up to the vehicle. Pearson saw several marijuana cigars in the ashtray in plain view and detained appellee in the back of the patrol car. Officer Manny Vela then arrived. Pearson told Vela he thought appellee had dropped some dope out the car and both officers walked back to the location where appellee had first stopped and retrieved the bag Pearson had seen. The plastic bag con-

tained 6.1 grams of cocaine. They also found a fist-sized hole in the floor board of appellee's vehicle, and three marijuana cigars were recovered from the ashtray.

 Appellee argues the State failed to prove the elements of unlawful possession of a controlled substance. To establish unlawful possession of a controlled substance, the State must prove the accused (1) exercised control, custody, control, and management over the contraband, and (2) knew that what he possessed was contraband. *Joseph v. State*, 897 S.W.2d 374, 376 (Tex.Crim.App.1995). When the accused is not is not in exclusive possession of the place where the contraband is found, there must be additional independent facts affirmatively linking the accused to the contraband in such a manner that it can be concluded that he had knowledge of, as well as control over, the contraband. *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App.1995). The affirmative link can be established by showing additional facts and circumstances indicating the accused's knowledge and control of the contraband. *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App.1981).

 When determining whether the State established the necessary affirmative link, we may consider whether: (1) the contraband was in plain view; (2) the contraband was accessible to the accused; (3) the accused was the owner of the place where the contraband was found; (4) the accused was the driver of the automobile in which the contraband was found; (5) the contraband was found on the same side of the vehicle seat as the accused was sitting; (6) the contraband was found in an enclosed place; (7) the odor of drugs was present; (8) paraphernalia to use the contraband was in view of or found on the accused; (9) conduct by the accused indicated a consciousness of guilt; (10) the accused had a special connection to the

contraband; (11) occupants of the vehicle gave conflicting statements about relevant matters; (12) the accused appeared to be under the influence of drugs; and (13) affirmative statements connected to the accused to the contraband. *Gilbert v. State*, 874 S.W.2d 290, 298 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd).

 There is no established formula that would dictate a finding of an affirmative link sufficient to support an inference of knowing possession of contraband. *Porter v. State*, 873 S.W.2d 729, 732 (Tex. App.-Dallas 1994, pet. ref'd). Nor is the number of factors present as important as the logical force the factors have in establishing the elements of the offense. *Gilbert*, 874 S.W.2d at 298.

Appellee argues that although Pearson testified that his and appellee's vehicles were sitting alongside each other, it is remarkable that Pearson was able to observe appellee's suspicious gesture toward the floor of his own car, as seen through the driver's side window, and the almost simultaneous movement of the clear plastic bag from just under the driver's side of appellee's car. Appellee, pointing out Pearson's testimony from a previous hearing that he pulled directly in front of appellee's car, argues this positioning of the vehicles would have rendered Pearson's "midnight visual observations even more remarkable."

Pearson testified that when he observed appellee lean forward out of sight, he was not sure what appellee was doing, but when someone makes that movement, that person is either concealing something or reaching for something. Moreover, while Pearson never actually saw appellee's hand drop the bag, he made it clear that his view to the driver's side and the ground were unobstructed. With respect to any conflicting testimony regarding the posi-

tioning of the vehicles, the trial court may not sit as the thirteenth juror and may not substitute its beliefs for those of the jury. *Hart,* 905 S.W.2d at 693.

Appellee suggests as an alternative hypothesis that because Pearson was well-known in the neighborhood, someone carrying a bag of crack cocaine who had seen Pearson driving in the area would very likely have dropped the bag on the spot,[4] which would create reasonable doubt in the affirmative link between appellee and the contraband that was found 30 to 40 feet away from where appellee was arrested. Appellee further argues that while the presence of a fist-size hole in the floorboard, coupled with Pearson's observation of appellee's movement toward that area of the car, may suggest the necessary affirmative link, there was no evidence regarding how the hole appeared, who owned the car, or appellee's connection with the car.

Appellee was the only person in the car. Pearson testified the area where they found the bag was well-lighted. An apartment complex is on that corner, and it is surrounded by a fence, so people can only walk on the side walk but cannot get through the gate which has been welded shut. During the two times that he stopped appellee, Pearson did not see anyone walking in the vicinity. Both Pearson and Vela testified that they have never just happened upon or found cocaine on the ground without the person nearby dropping it.

After reviewing all the evidence, we conclude a rational trier of fact could have found beyond a reasonable doubt the essential elements of the offense. Therefore, it would be an abuse of discretion for the trial court to grant a motion for new trial on the ground of legally insufficient evidence.

## ARTICLE 38.17

■ Appellee's motion for new trial references Article 38.17 of the Texas Code of Criminal Procedure, which provides:

> In all cases where, by law, two witnesses, or one with corroborating circumstances, are required to authorize a conviction, if the requirement be not fulfilled, the court shall instruct the jury to render a verdict of acquittal, and they are bound by the instruction.

TEX.CODE CRIM. PROC. art. 38.17.

Possession of a controlled substance is not a case where, by law, two witnesses, or one with corroborating circumstances, are required for a conviction. *See Martin v. State,* 13 S.W.3d 133, 140 (Tex.App.-Dallas 2000, no pet.) (stating two witnesses are required in cases of treason, perjury, and aggravated perjury; corroborating circumstances are required when a conviction is based on the testimony of an accomplice, in certain circumstances when a defendant's oral statement resulting from custodial interrogation is admitted, and in certain circumstances in sexual assault and aggravated sexual assault cases); *Whisenant v. State,* No. 10–01–305–CR, 2003 WL 1090504, at *5 (Tex.App.-Waco Mar. 12, 2003, pet. ref'd) (not designated for publication) (stating article 38.17 applies to accomplice testimony, testimony of a person acting covertly for a law enforcement agency who is not a licensed peace officer, treason cases, and perjury cases). Therefore, it would have been an abuse of dis-

---

4. Pearson testified he had been patrolling that area for four years and admitted everyone in the neighborhood knew him. When appellee's attorney asked Pearson, "if somebody out there that you had not seen but you were driving in the area and they saw you and they known [sic] you're the police they could have dropped that cocaine there, couldn't they?" Pearson responded, "Yes. That's very likely, yes, sir."

cretion for the trial court to grant appellee's motion for new trial on this basis.

## CONCLUSION

The trial court had no authority to grant appellee's motion for new trial based on a ground not raised in the motion. Moreover, applying a deferential standard of review, we conclude the granting of a new trial based on the grounds raised in the motion for new trial would have been an abuse of discretion. Accordingly, the order granting appellees' motion for new trial is vacated, and we remand the cause the trial court for entry of a judgment of conviction reflecting the jury' verdict.