Affirmed and Memorandum Opinion filed June 26, 2007








Affirmed and Memorandum Opinion filed June 26, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00682-CR

_______________

 

CRISTOBAL RIVERA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 182nd District Court


Harris County, Texas

Trial Court Cause No. 1051365 

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Cristobal Rivera appeals a conviction
for sexual assault of a child[1] on the
grounds that: (1) he was denied effective assistance of counsel; and (2) the
trial court erred by admitting the complainant=s medical records into evidence.  We
affirm.








                                                          Ineffective
Assistance

Appellant=s first and second issues contend
that his trial counsel=s failure to object to statements made by two venire members
in front of the entire jury panel, regarding the lifelong disability of sexual
assault victims and the counseling that the family of sexual assault victims
has to undergo, denied appellant effective assistance of counsel.

To prevail on an ineffective
assistance claim, appellant must show his defense attorney's performance fell
below an objective standard of reasonableness and there is a reasonable
probability that, but for the error, the result of the proceeding would have
been different.  Yarborough v. Gentry, 540 U.S. 1, 5 (2003); Wiggins
v. Smith, 539 U.S. 510, 521, 534 (2003); Garza v. State, 213 S.W.3d
338, 347-48 (Tex. Crim. App. 2007).  An ineffective assistance claim must be
firmly founded in the record and the record must affirmatively demonstrate the
meritorious nature of the claim.  See Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005).  If counsel's reasons for his conduct do not
appear in the record and there is at least the possibility that the conduct
could have been grounded in legitimate trial strategy, we will defer to
counsel's decisions and deny relief on an ineffective assistance claim on
direct appeal.  Garza, 213 S.W.3d at 348; Andrews v. State, 159
S.W.3d 98, 101B03 (Tex. Crim. App. 2005).








In this case, although appellant=s counsel struck the two venire
members for cause, appellant urges that the failure to object to their
responses tainted the entire venire panel.[2] 
However, appellant cites no authority indicating that either the questions
posed to those venire members or their answers to those questions were improper,
such that an objection would have been sustained.  Nor is it apparent how an
objection, even if sustained, would have overcome any taint caused by the
remarks.[3]  In any
event, appellant has not shown that a decision by counsel to refrain from
objecting to the comments in order to direct no further attention to them could
not be sound trial strategy.  Because appellant=s first and second issues thus fail
to demonstrate ineffective assistance of counsel, they are overruled.

                                                  Admission
of Medical Records

Appellant=s third issue argues that the trial
court erroneously admitted the complainant=s redacted medical records into
evidence when the examining physician testified to the same information and
findings contained in the records.  Appellant claims that the medical records
were repetitive, unnecessary, served only to confuse the jury, and were highly
prejudicial.

We review a trial court's ruling on a
Rule 403 objection for an abuse of discretion. State v. Mechler, 153
S.W.3d 435, 439 (Tex. Crim. App. 2005).  As relevant here, rule 403 provides
that relevant evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or
needless presentation of cumulative evidence.  Tex. R. Evid. 403. 








During the examining physician=s testimony, appellant=s counsel objected to the admission
of the medical records, stating AI=m objecting to the statements made
by the complaining witness to the doctor because it violates 403 of the
Texas Rules of Evidence, probative value outweighed by prejudicial value.  That=s my objection on the statements made
to her.@ (emphasis added).  Although
appellant=s brief contends that the examining physician=s testimony Awas exactly what was in the medical
record of the complainant,@ it cites no portions of the record where there was any
duplication between the two, let alone how any such duplication could have been
unfairly prejudicial.   Appellant further claims that admitting the redacted
portion of the medical records was highly prejudicial because A[c]ommon experience dictates that the
inquisitive minds of the juror will bring them to wonder what information was
redacted and why was it redacted.@  However, this would suggest that
any redacted exhibit would be inadmissible under rule 403.  Because appellant=s third issue fails to demonstrate
error in the admission of the complainant=s medical records into evidence, it
is overruled, and the judgment of the trial court is affirmed.                                                    

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed June 26, 2007.

Panel consists of Chief Justice
Hedges and Justices Fowler and Edelman.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury found appellant guilty of the
offense and assessed punishment at life imprisonment.





[2]           Appellant also claims that, because the
statements were tantamount to the jury receiving evidence, he is entitled to a
new trial under Texas Rule of Appellate Procedure 21.3(f).  However, because
Rule 21.3(f) only applies in situations when a jury received evidence after
retiring to deliberate, it does not support appellant=s contention.  See Tex. R. App. P.  21.3(f).  Additionally, a motion for
new trial in a criminal case may be granted only on the defendant's timely
motion; the trial court has no authority to grant a new trial on its own
motion.  Ex parte Ybarra, 629 S.W.2d 943, 945 (Tex. Crim. App. 1982); State
v. Provost, 205 S.W.3d 561, 566 (Tex. App.CHouston [14th Dist.] 2006, no pet.).  Appellant did not file a motion
for new trial in this case and does not contend that his counsel=s failure to do so constituted ineffective assistance
of counsel.





[3]           Appellant does not contend that counsel
should have also requested an instruction to disregard or a mistrial or that
either would have had to be granted.