PD-1638-15

PD-1638-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/17/2015 1:46:31 PM
Accepted 12/19/2015 9:12:33 AM
ABEL ACOSTA
CLERK

**IN THE**
**TEXAS COURT OF CRIMINAL APPEALS**
**AUSTIN, TEXAS**

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | |
| | § | |
| | § | **CAUSE NO. _____** |
| **VS.** | § | **(APPELLATE CAUSE NO. 08-14-00272-CR** |
| | § | **(TRIAL CAUSE NO. 2012C00942)** |
| **VICTOR MANUEL GALLEGOS** | § | |

**MOTION FOR EXTENSION**
**OF TIME IN WHICH TO FILE**
**PETITION FOR DISCRETIONARY REVIEW**

**NOW COMES, VICTOR MANUEL GALLEGOS,** APPELLEE/PETITIONER**,** by and through his Attorney of record, **CHARLES LOUIS ROBERTS,** and moves for an Extension of Time in which to file the PETITION FOR DISCRETIONARY REVIEW, and for grounds Appellee/Petitioner would show this Court the following:

**I.**

The following facts are required for this Motion:

A. The P.D.R. is due January 08, 2016.

B. A thirty (30) day extension is sought.

C. Counsel is also working on another Petition for Discretionary Review, John Vincent Cruz v. State of Texas, Cause No. PD-1320-15.

D. The Christmas and New Years Holidays, plus Office Vacation Time.

E. No previous extensions have been granted.

F. The Court of Appeals was the Eighth Court of Appeals (El Paso, Texas).

G. The Opinion was delivered on December 09, 2015.

1

H. The Cause Number at the Court of Appeals was as follows:

State of Texas v. Victor Manuel Gallegos, Cause No. 08-14-00272-CR

I. No Motion for Rehearing filed.

**II.**

This extension is sought in the interest of Justice and not for the purpose of delay.

**WHEREFORE, THE ABOVE PREMISES CONSIDERED,**

Appellant/Petitioner asks this Court to grant an Extension of Time in which to file PETITION

FOR DISCRETIONARY REVIEW for thirty (30) days or until February 07, 2016.

Respectfully Submitted,

/s/ Charles L. Roberts /s/
**CHARLES L. ROBERTS**
300 E. Main, Suite 640
State Bar. No. 1700100
El Paso, Texas 79901
(915) 532-9475
(915) 534-7417 Fax

**CERTIFICATE OF SERVICE**

The undersigned Attorney does hereby certify that a true and correct copy of the foregoing Motion has been e-served to the office of the District Attorney, 500 E. San Antonio, 2nd Floor, El Paso, Texas 79901 on this the 17th day of December, 2015.

/s/ Charles L. Roberts /s/
**CHARLES L. ROBERTS**
300 E. Main, Suite 640
State Bar. No. 1700100
El Paso, Texas 79901
(915) 532-9475
(915) 534-7417 Fax



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| THE STATE OF TEXAS, | | No. 08-14-00272-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | County Court at Law No. 7 |
| | § | |
| VICTOR MANUEL GALLEGOS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20120C00942) |
| | § | |

## J U D G M E N T

The Court has considered this cause on the record and concludes there was error in the judgment. We therefore reverse the order granting the motion for a directed verdict and the judgment of acquittal, reinstate the jury's verdict of guilty, and remand the cause to the trial court for a punishment hearing, in accordance with the opinion of the Court. This decision shall be certified below for observance.

IT IS SO ORDERED THIS 9TH DAY OF DECEMBER, 2015.

STEVEN L. HUGHES, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-14-00272-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | County Court at Law No. 7 |
| | § | |
| VICTOR MANUEL GALLEGOS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20120C00942) |
| | § | |

## **O P I N I O N**

The State of Texas appeals from an order purporting to grant a directed verdict in favor of Appellee, Victor Manuel Gallegos, after the court had received the jury's verdict finding Gallegos guilty of burglary of a vehicle. We reverse the order granting the motion for a directed verdict and the judgment of acquittal, reinstate the jury's verdict of guilty, and remand the cause to the trial court for a punishment hearing.

### PROCEDURAL AND FACTUAL SUMMARY

Gallegos was charged with five offenses alleged to have occurred on June 26, 2011: (1) class-A misdemeanor criminal mischief (cause number 20120C00815); (2) burglary of a vehicle (cause number 20120C00942); (3) burglary of a vehicle (cause number 20120C01669); (4) theft (cause number 20120C01670); and (5) evading arrest (cause number 20120C00778). The five cases were tried together before a jury. This appeal pertains to one of the burglary cases (cause

number 20120C00942).  The information alleged that Gallegos intentionally or knowingly broke into and entered a vehicle, to-wit: a red Pontiac Grand Am 2001 motor vehicle, with intent to commit theft and without the effective consent of the owner of the vehicle, Cynthia Farah.[1] Thus, the information charged Gallegos with class-A misdemeanor burglary of a vehicle.  *See* TEX.PENAL CODE ANN. § 30.04(a), (d)(1) (West 2011).

The evidence showed that Gallegos and Julio Acosta attempted to enter the Nova Luna bar through a back door used only by bar personnel and band members.  One of the bar's security guards, Fernando Chavez, stopped them and told them they had to enter through the front door and pay the cover charge like everyone else.  Chavez watched Gallegos and Acosta get into their vehicle and drive "crazy" through the parking lot.  The vehicle stopped and one man got out of the car while the other man parked the vehicle.  Acosta walked through the parking lot and checked vehicle doors to see if they were locked.  Chavez continued watching from behind a rock wall, and he saw Acosta take the hubcaps off of a truck while Gallegos acted as a lookout.  Chavez alerted other security personnel at the bar when he saw Gallegos chasing a parking lot attendant.

Deputy Sheriff Juan Munoz was patrolling in the area that evening, and as he drove by Nova Luna, one of the bar's security guards flagged him down.  The security guard told him that two men were trying to break into cars in the parking lot.  Munoz sometimes worked off-duty security at the bar, so he was familiar with the area.  Munoz drove his patrol unit into the parking lot and used a spotlight to find the two men.  Both men ran away when they saw him, and after a

---

[1] In the information, the vehicle owner's name is spelled "Farrah," but the name is spelled "Farah" in the reporter's record.  When asked at trial whether she goes by Ms. Farah or Ms. Farah-Pang, Farah answered "Ms. Farah-Pang." The opinion will refer to her as Farah.

brief chase, Munoz caught Acosta and took him into custody. With the help of the bar's security personnel, he apprehended Gallegos. After securing both Acosta and Gallegos, Munoz checked the vehicles in the parking lot and observed that the door to a Ford truck was open. The truck's center console was open and a case for eyeglasses was on the ground next to the truck. Munoz saw that the hubcaps were missing from another truck. Munoz also noticed that a Mazda had damage to the door handle. He located Gallegos's gray Dodge Neon in the parking lot and saw items inside of the car which had been stolen from vehicles in the bar's parking lot. The items found in the car included Cynthia Farah's employee name tag, Farah's paycheck stub, Farah's wallet, a voided check on Farah's checking account, and a Mexican passport belong to Farah's husband.

Farah went to the Nova Luna bar with her husband at approximately 9:30 p.m. and they did not leave until 3:30 a.m. because he was playing in the band that evening. They drove to the bar in her 2008 Ford Focus and she recalled locking the car. When they left the bar, she did not see any patrol cars in the parking lot. She noticed after she got home that her work ID and everything that had been in the glovebox was missing. The following day, she learned from the Sheriff's Department that some of her property had been recovered. She identified several of the items found in Gallegos's car as being her property. Gallegos made the following stipulation at trial: "To help this trial go a little bit faster, we will stipulate that her vehicle got broken into, and a lot of her stuff was taken, and that she got most of it or all of it back."

After the State rested, Gallegos moved for a directed verdict with respect to the burglary of Farah's vehicle on the ground that the State had failed to prove that he had any involvement in

any of the offenses committed by Acosta. He did not assert that there was any variance between the allegation identifying Farah's vehicle was a red, 2001 Pontiac Grand Am and the proof at trial showing that Farah's vehicle was a gray 2008 Ford Focus. The trial court took Gallegos's motion for directed verdict under advisement and the defense presented its case.

Gallegos's co-defendant, Acosta, testified for the defense. Like Gallegos, he was charged with five offenses, but he agreed to plead guilty to four of the offenses in exchange for dismissal of one of the cases. Acosta had been placed on probation for fourteen months, and at the time of trial, he had completed his probation and paid all of his fees. Acosta testified that he was driving Gallegos's vehicle that evening because Gallegos was more intoxicated. Acosta admitted that he broke into cars in the Nova Luna parking lot, but he maintained that Gallegos did not assist him in committing the offenses because he "didn't want nothing to do with it."

Gallegos testified that he was extremely drunk that evening and he tried to convince Acosta to stop breaking into cars, but Acosta would not listen to him. He denied acting as a lookout, but he knew that Acosta was putting the stolen property in his car.

After the defense rested and both the State and defense closed, the trial court raised the issue of the variance between the information and evidence regarding the description of Farah's vehicle. The State responded that the description of the car is not an element of the offense which it is required to prove. The trial court did not rule on Gallegos's motion for directed verdict, and it submitted all five cases to the jury, including the burglary of a vehicle case involving Farah's vehicle. The court's charge included an instruction on the law of parties. After the jury began its deliberations, Gallegos renewed his motion for directed verdict, but the

court still did not rule on the motion. The jury found Gallegos guilty in all five cases, including the case involving the burglary of Farah's vehicle. The trial court received the jury's verdicts and discharged the jury.

Three weeks later, the trial court conducted the punishment hearing. At the beginning of the hearing, Gallegos reminded the court that his motion for a directed verdict was still pending. He specifically argued that there was a variance between the information and the evidence with respect to the description of Farah's car. The trial court then granted the motion and directed a verdict of acquittal with respect to the class-A misdemeanor criminal mischief[2] and the case involving burglary of Farah's vehicle (cause number 20120C00942). The written judgment of acquittal inaccurately reflects that the court granted the directed verdict at the end of the State's case:

> Thereupon, also came a jury of six good and lawful persons who had been sworn and impaneled to try this cause. The information was then read and the Defendant pleaded not guilty thereto; and the Jury having heard the information read, the Defendant's plea of not guilty thereto, the State's evidence in the case, and at the end of the State's case, the Court granted Defendant's Motion For Directed Verdict which verdict was duly received and filed.

In the three remaining cases, the trial court sentenced Gallegos to confinement for 365 days in the El Paso County Jail, probated for six months, and "a fine of $300.00 Probated for $0.00."[3]

## IMPROPER GRANTING OF A JNOV

In its sole issue, the State contends that once the trial court received the jury's verdict

---

[2] The judgment of acquittal entered in cause number 20120C00815 is the subject of a separate State's appeal, *State of Texas v. Victor Manuel Gallegos*, cause number 08-14-00271-CR.

[3] Gallegos filed notice of appeal in those three cases (appellate cause numbers 08-14-00274-CR, 08-14-00275-CR, and 08-14-00276-CR).

finding Gallegos guilty of burglary of a vehicle (cause number 20120C00942), the court had no authority to grant Gallegos's motion for directed verdict and enter a judgment reflecting a different verdict than that of the jury. Gallegos responds that the allegation regarding the make, model, and car are not mere surplusage, and the trial court did not abuse its discretion by effectively granting a motion for new trial due to insufficient evidence.

The trial court purportedly granted Gallegos's motion for a directed verdict during the punishment hearing held three weeks after the jury had returned its verdict of guilty and the court had received that verdict. A "directed verdict" is commonly defined as the action taken by a trial judge in a jury trial to decide the issues in the case without allowing them to be submitted to the jury because, as a matter of law, the party with the burden of proof has failed to make a prima facie case for jury consideration. *State v. Lewallen*, 927 S.W.2d 737, 739 n.2 (Tex.App.--Fort Worth 1996, no pet.). Thus, it is a ruling which a court makes before the case is submitted to the jury, or at the very least, before the court receives the jury's verdict. The trial court's action in entering a judgment of acquittal after it received the jury's guilty verdict is the functional equivalent of a JNOV.

It is well established that a trial court does not have authority to grant a JNOV in a criminal case. *State v. Savage*, 933 S.W.2d 497, 499 (Tex.Crim.App. 1996). When a case is tried by a jury, Article 42.01 requires that the judgment of the trial court must reflect "[t]he verdict or verdicts of the jury[.]" TEX.CODE CRIM. PROC. ANN. art. 42.01, § 1(7) (West Supp. 2015); *see Savage*, 933 S.W.2d at 499. For this reason, the Court of Criminal Appeals held in *Savage* that a trial court does not have the authority to grant a different judgment—a judgment

non obstante veredicto—than that rendered by the jury. *Id.* Texas courts have held that the trial court may not receive the jury's verdict and then enter a different judgment than the one called for by the jury's verdict. *Combes v. State*, 286 S.W.2d 949, 950 (Tex.Crim.App. 1956); *Dunn v. State*, 176 S.W.3d 880, 885 (Tex.App.--Fort Worth 2005, no pet.); *Chafin v. State*, 95 S.W.3d 549, 555 (Tex.App.--Austin 2002, no pet.). Once the jury has returned a guilty verdict and that verdict is read aloud in open court, the trial court is not authorized to then grant a motion for directed verdict and enter a judgment of acquittal. *See Savage*, 933 S.W.2d at 499; *Dunn*, 176 S.W.3d at 885; *Chafin*, 95 S.W.3d at 555. We conclude that the trial court's action in entering a different verdict than the one returned by the jury was unauthorized and improper.

A trial court does have authority, however, to grant a criminal defendant's motion for new trial on the ground that the evidence is insufficient. *See Savage*, 933 S.W.2d at 499; TEX.R.APP.P. 21.3(h)(requiring new trial when the verdict is contrary to the law and the evidence). This power is the functional equivalent of granting a JNOV in a civil case. *Id.* Even though Gallegos did not file a motion for new trial, the trial court's order granting the directed verdict and the judgment of acquittal have the same effect as a trial court granting a new trial for legally insufficient evidence. *See Savage*, 933 S.W.2d at 499; *State v. McClelland*, No. 11-05-00191-CR, 2006 WL 2692875, *1 (Tex.App.--Eastland September 21, 2006, no pet.) (not designated for publication). When an order is the functional equivalent of an order granting a motion for new trial, the reviewing court should look beyond the label and treat the ruling as an order granting a new trial. *See Savage*, 933 S.W.2d at 499; *State v. Evans*, 843 S.W.2d 576, 577 (Tex.Crim.App. 1992). Accordingly, we will review the order improperly granting the motion

for directed verdict as though the trial court had granted a motion for new trial on the ground of insufficient evidence.

*Standard of Review*

A trial court's order granting a new trial is reviewed for an abuse of discretion. *State v. Zalman*, 400 S.W.3d 590, 593 (Tex.Crim.App. 2013); *State v. Provost*, 205 S.W.3d 561, 566 (Tex.App.--Houston [14th Dist.] 2006, no pet.). When deciding a motion for new trial challenging the legal sufficiency of the evidence, the trial court applies the appellate legal sufficiency standard of review. *Provost*, 205 S.W.3d at 567. Thus, the trial court is required to view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Id.* The trial court does not sit as a thirteenth juror and it is not permitted to substitute its view of the evidence for that of the jury. *Id.* If the evidence is sufficient to meet the legal sufficiency standard, a trial court abuses its discretion by granting a motion for new trial. *Id.*

*Sufficiency of the Evidence*

When viewed in the light most favorable to the jury's guilty verdict, the evidence establishes that Acosta broke into vehicles in the Nova Luna parking lot while Gallegos acted as a lookout. The security guard, Chavez, watched Acosta trying to open vehicle doors, and he heard Gallegos alert Acosta by pretending to cough whenever anyone was approaching the area. Both Acosta and Gallegos admitted that Acosta was breaking into cars in the parking lot. Further, Gallegos stipulated at trial that Farah's vehicle was broken into and her property was taken. Even though Gallegos denied doing anything to assist Acosta in the commission of these

offenses, it was the jury's responsibility to determine the credibility of the witnesses and resolve the conflicts in the evidence. Cynthia Farah testified that she drove her gray 2008 Ford Focus to the Nova Luna bar and several items of her property were taken from the car. The Sheriff's Department recovered Farah's stolen property from Gallegos's car. The evidence is legally sufficient to permit a rational trier of fact to find beyond a reasonable doubt that Gallegos, acting with intent to promote or assist the commission of the offense, aided or attempted to aid Acosta to commit the offense of burglary of Farah's vehicle. The only remaining question is whether the variance in the description of Farah's vehicle renders the evidence insufficient to support the jury's guilty verdict.

*Variance*

A "variance" occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial. *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex.Crim.App. 2001). In a case where a variance is raised, "the State has proven the defendant guilty of a crime, but has proven its commission in a manner that varies from the allegations in the [indictment]." *Id*. Such a variance may render the evidence insufficient to sustain the conviction, but only if the variance is material. *Id*. at 247, 257. Under the test established by *Gollihar*, a variance between the wording of an indictment and the evidence presented at trial constitutes a "fatal variance" mandating reversal only if it is material and prejudices the defendant's substantial rights. *Id*. at 257. A variance between the charging instrument and the proof is material and prejudicial if the charging instrument, as written, fails to inform the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial and subjects the defendant to the

risk of being prosecuted later for the same crime. *Id.*

A person commits burglary of a vehicle if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft. TEX.PENAL CODE ANN. § 30.04(a)(West 2011). The gravamen of a burglary is the entry without the effective consent of the owner and with the requisite mental state. *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex.Crim.App. 2006). When a burglary is committed, the harm results from the entry itself, and the offense is complete once the unlawful entry is made, without regard to whether the intended theft or felony is also completed. *Id.* Article 21.09 of the Code of Criminal Procedure requires an indictment or information to identity personal property "by name, kind, number, and ownership." TEX.CODE CRIM.PROC.ANN. art. 21.09 (West 2009).[4] The term "number" refers to quantity. *Gollihar*, 46 S.W.3d at 258. Thus, the State was required to allege that the personal property burglarized was a vehicle, but it was not required to plead the year, make, model, or color of the vehicle.

There is nothing in the record to suggest that the variance in the vehicle's description impaired Gallegos's ability to prepare a defense to the burglary of Farah's vehicle. The evidence showed, and Gallegos stipulated, that Acosta broke into a car owned by Farah and stole items from the car. Those items were subsequently found in Gallegos's car. Gallegos defended against this burglary of a vehicle charge by asserting that he did not do anything to encourage or assist Acosta's commission of the offense. In other words, he asserted that Acosta acted alone in the commission of the offense and he was merely present. The unnecessary, but erroneous,

---

[4] Article 21.09 states the requirements for an indictment, but the rules pertaining to allegations in an indictment and the certainty required also apply to an information. TEX.CODE CRIM.PROC.ANN. art. 21.23 (West 2009).

description of the make, model, and color of Farah's car did not impair Gallegos's ability to prepare a defense. *See Gollihar*, 46 S.W.3d at 258 (holding that the needless allegation of the model number of the stolen go-cart did not impair the defendant's ability to prepare a defense where he admitted taking the go-cart, but claimed that he thought his friend had paid for it). Further, Gallegos is not at risk for being prosecuted again for the burglary of Farah's gray 2008 Ford Focus because the entire record, not just the charging instrument, may be referred to in protecting against double jeopardy in the event of a subsequent prosecution. *See id.* (citing *United States v. Apodaca*, 843 F.2d 421, 430 n.3 (10th Cir.), *cert. denied*, 488 U.S. 932, 109 S.Ct. 325, 102 L.Ed.2d 342 (1988)). We conclude that the variance between the information and the proof at trial regarding the year, make, model, and color of Farah's car is immaterial under the *Gollihar* test and must be disregarded in the analysis of the sufficiency of the evidence. *See id.* (holding that variance in model number of go-cart alleged in indictment and model number actually proved was not material in theft prosecution).

Having found that the evidence is legally sufficient to support the jury's determination that Gallegos, acting with intent to promote or assist the commission of the offense, aided or attempted to aid Acosta to commit the offense of burglary of a vehicle owned by Farah, we hold that the trial court abused its discretion by improperly granting Gallegos's motion for directed verdict and entering a judgment of acquittal after the jury returned a guilty verdict. Issue One is sustained. We reverse the order granting the motion for a directed verdict and the judgment of acquittal, reinstate the jury's verdict of guilty, and remand the cause to the trial court for a punishment hearing. *See* TEX.CODE CRIM.PROC.ANN. art. 44.29(b)(West Supp. 2015).

- 11 -

STEVEN L. HUGHES, Justice

December 9, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)