

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00071-CR
No. 02-21-00072-CR

———————————————

THE STATE OF TEXAS

V.

ALBERTO LONGORIA, Appellee

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court Nos. 1365681D, 1365684D

Before Sudderth, C.J.; Kerr and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellee Alberto Longoria was on deferred-adjudication community supervision for two counts of aggravated assault on a public servant with a deadly weapon. After Longoria violated his community-supervision conditions, the State petitioned to proceed to adjudication. The trial court adjudicated Longoria guilty and sentenced him to ten years in prison on each count.

Longoria successfully moved for a new probation-revocation hearing, and the trial court dismissed the State's petitions and placed him back on probation. The State has appealed, arguing in three issues that the trial court abused its discretion by granting Longoria a new trial because (1) the trial court lacked authority to do so; (2) the trial court effectively imposed an illegal sentence by placing Longoria on probation after adjudicating him guilty of two felonies; and (3) assuming that the trial court properly granted Longoria a new trial on punishment, the court erred by restoring the cases to their pre-adjudication statuses, which effectively granted Longoria a new trial on guilt as well. Because the trial court lacked the authority to grant Longoria a new trial, we reverse the trial court's orders granting the new-trial motions and remand the cases to the trial court to reinstate the adjudication judgments and sentences.

### I. Background

In May 2014, the State charged Longoria under separate cause numbers with two counts of aggravated assault on a public servant with a deadly weapon (a motor

vehicle).[1] *See* Tex. Penal Code Ann. § 22.02(a)(2), (b)(2)(B). The following month, Longoria judicially confessed to the facts alleged in the indictments and pleaded guilty pursuant to a plea bargain in each cause. The trial court accepted Longoria's pleas, deferred adjudicating him guilty, and placed him on seven years' community supervision in each cause. In August 2017, the State petitioned to proceed to adjudication in both causes because Longoria had committed a new offense in Dallas County—driving while intoxicated—and had consumed alcohol. In January 2018, the trial court amended Longoria's probation terms and dismissed the State's petitions.

In January 2020, the State again petitioned to proceed to adjudication in both causes based on a new driving-while-intoxicated offense in Dallas County and Longoria's use, possession, or consumption of alcohol. Longoria judicially confessed to the facts alleged in the petitions and entered open pleas of true to the allegations in the State's petitions.

During the March 30, 2021 revocation hearing, the trial court heard testimony from Longoria, his probation supervisor, Longoria's wife, and one of Longoria's aggravated-assault-on-a-public-servant victims. At the hearing's conclusion, the trial court found the facts in the State's petitions to be true and adjudicated Longoria

---

[1]The indictments alleged in part that Longoria "did use or exhibit a deadly weapon during the commission of the assault, to-wit: a motor vehicle, that in the manner of its use or intended use was capable of causing death or serious bodily injury."

guilty. The trial court also sentenced Longoria to ten-year concurrent sentences but told Longoria that it would consider shock probation[2]:

> Prior to the expiration of 180 days from today's date, if [your attorney] files the appropriate motion, I would consider an application for suspending further sentence and placing you back on probation. [Your attorney] will explain to you what that means.
>
> But basically you're under a ten-year sentence. You've got to earn the right for me to suspend [the] rest of the sentence, and [your attorney will] explain how that works.

The trial court would later realize, however, that because Longoria had judicially confessed to using or exhibiting a deadly weapon during the commission of the offense,[3] shock probation was unavailable. *See* Tex. Code Crim. Proc. Ann. arts. 42A.053, .054(b), .202(b)(2). Unfortunately, neither the State nor Longoria's attorney corrected the trial court's mistaken assumption that shock probation was available.

Longoria timely filed "Defendant's Motion for New Trial & Motion to Reopen Sentencing Hearing on Probation Violation" asking the trial court "to grant him a NEW TRIAL or Reopen Sentencing Hearing herein for the good and sufficient

---

[2]*See generally* Tex. Code Crim. Proc. Ann. art. 42A.202 (permitting a trial court to grant shock probation); *Shortt v. State*, 539 S.W.3d 321, 323–24 (Tex. Crim. App. 2018) (explaining the differences between straight community supervision and "shock" community supervision).

[3]Each of the trial court's adjudication judgments included affirmative deadly-weapon findings. *See* Tex. Code Crim. Proc. Ann. art. 42A.054(c).

4

reason that the verdict is contrary to the law and the evidence."[4] *See* Tex. R. App. P. 21.1, 21.3(h), 21.4(a). In support, Longoria argued that (1) he had pleaded true and had taken the stand "to plead for mercy" from the trial court, and his testimony revealed that he is the sole provider for his family, which includes a special-needs child; (2) he has a well-documented substance-abuse problem with alcohol, and his probation officer testified that there are less restrictive programs "available to sentence [Longoria] to in order to address [his] alcoholism"; and (3) he had already pleaded guilty to the Dallas County DWI offense and had been sentenced to community supervision for that offense.

At the new-trial hearing, Longoria restated the arguments in his motions. The State countered that Longoria's new-trial ground—that the verdict is contrary to the law and the evidence—was an evidentiary-sufficiency challenge and argued that based on Longoria's pleas of true to the petitions and the fact that the trial court's sentences were on the lower end of the punishment range,[5] the trial court should deny the new-trial motions because they were "not based on anything substantiated in the law." The trial court agreed but granted Longoria's new-trial motions:

---

[4]Although Longoria moved the trial court for a new trial or to reopen sentencing, he prayed only that the court "set aside the sentence in this cause and order a new sentencing hearing."

[5]Aggravated assault on a public servant is a first-degree felony, Tex. Penal Code Ann. § 22.02(b)(2)(B), which is punishable "by imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years," *id.* § 12.32(a).

It's not substantiated in the law, but *it's substantiated in equity because the Court made it clear at the time of the sentencing that I would consider shock probation. And in looking at it afterwards I determined that the original sentence judgment had a deadly weapon finding, which would preclude me from doing that.*[6]

And so based upon equitable grounds, as well as the fact that the Court messed up, I'm going to grant the Motion for New Trial.

So he's going to be back on probation. What I intend to do is I intend to extend his probation, amend his conditions, and put him -- extend his probation for three more years, which I have the ability to do. I'm going to release [him], once TDC gives us the authority to do so, back to the probation department. [Emphases added.]

The trial court then granted Longoria's new-trial motions, dismissed the State's petitions to adjudicate, extended Longoria's probation, and amended Longoria's probation conditions.[7]

The State has appealed and raises three issues: (1) the trial court lacked authority to grant Longoria a new trial on equitable grounds, (2) the trial court effectively imposed an illegal sentence by placing Longoria on probation after adjudicating him guilty of two first-degree felonies each carrying minimum five-year

---

[6]*See* Tex. Code Crim. Proc. Ann. arts. 42A.053, .054(b), (c), .202(b)(2).

[7]In granting the new-trial motions, the trial court set aside its adjudications of guilt and restored the cases to their pre-adjudication positions. *See* Tex. R. App. P. 21.1(a), 21.9(b); *Jordan v. State*, 36 S.W.3d 871, 876 (Tex. Crim. App. 2001) ("Even after revocation of [a defendant's] deferred adjudication probation . . . such a defendant can file a motion for new trial, and if a new trial is granted, the conviction itself would be undone."); *State v. Gomez*, No. 13-14-00585-CR, 2016 WL 744598, at *2–3 (Tex. App.—Corpus Christi–Edinburg Feb. 25, 2016, no pet.) (mem. op. on reh'g, not designated for publication) (concluding that trial court's withdrawing adjudication of defendant's guilt and reinstating defendant's deferred adjudication effectively returned the case to the posture it had been in before the revocation hearing and adjudication of guilt).

sentences, and (3) assuming that equitable grounds justified the trial court's granting Longoria a new trial on punishment, the trial court erred by restoring the cases to their pre-adjudication statuses and dismissing the State's petitions, which effectively granted Longoria a new trial on guilt as well.

## II. Standard of Review and Applicable Law

We review a trial court's ruling on a new-trial motion for an abuse of discretion. *See State v. Herndon*, 215 S.W.3d 901, 906 (Tex. Crim. App. 2007). We view the evidence in the light most favorable to the trial court's ruling and uphold that ruling if it was within the zone of reasonable disagreement. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). "We do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable." *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012) (quoting *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006)). We presume the trial court correctly granted a new trial, and the State has the burden to establish the contrary. *State v. Sanders*, 440 S.W.3d 94, 99 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (mem. op.). We will uphold the trial court's judgment if any appropriate ground exists to support it. *Id.*

Texas Rule of Appellate Procedure 21.3 provides the legal bases for which a trial court must grant a defendant a new trial[8] or a new trial on punishment.[9] *See* Tex.

---

[8]A "new trial" is "the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt." Tex. R. App. P. 21.1(a).

7

R. App. P. 21.3. But these grounds are not exclusive: a trial court has the discretion to grant a new trial "in the interest of justice." *Herndon*, 215 S.W.3d at 906–07. That discretion, however, is not unbounded or unfettered. *Id.* at 907. "'[J]ustice' means in accordance with the law." *Id.* In other words, "[t]here must be some legal basis underpinning the grant of a new trial, even if it is granted in the interest of justice." *State v. Thomas*, 428 S.W.3d 99, 105 (Tex. Crim. App. 2014). A trial court abuses its discretion if it grants a new trial for a nonlegal or a legally invalid reason. *Id.* at 104 (citing *Herndon*, 215 S.W.3d at 907). A trial court "cannot grant a new trial on mere sympathy, an inarticulate hunch, or simply because he personally believes that the defendant is innocent or 'received a raw deal.'" *Herndon*, 215 S.W.3d at 907.

### III. Analysis

Longoria moved for a new trial[10] under Texas Rule of Appellate Procedure 21.3(h), which requires a trial court to grant a defendant a new trial "when the verdict

---

Granting a new trial restores the case to its position before the trial. Tex. R. App. P. 21.9(b).

[9]A "new trial on punishment" is "a new hearing of the punishment stage of a criminal action after the trial court has, on the defendant's motion, set aside an assessment of punishment without setting aside a finding or verdict of guilt." Tex. R. App. P. 21.1(b). "Granting a new trial on punishment restores the case to its position after the defendant was found guilty." Tex. R. App. P. 21.9(c).

[10]The State argues that because Longoria's prayers in his new-trial motions were limited to asking for new sentencing, Longoria only moved for a new trial on punishment. But in the bodies of his motions, Longoria asked for a new trial or to reopen sentencing. We thus conclude that Longoria moved for both a new trial and a new trial on punishment.

8

is contrary to the law and the evidence." Tex. R. App. P. 21.3(h). The State's first issue challenges the trial court's authority to grant Longoria a new trial. Within this issue, the State contends that the trial court could not grant Longoria's new-trial motions, in part because the trial court's stated reason for granting the motions—equity based on the trial court's mistaken belief at the adjudication hearing that Longoria was eligible for shock probation—was not raised in Longoria's new-trial motions but was raised sua sponte by the trial court. Longoria responds that trial court granted him a new trial to rectify the court's mistake and that it was authorized to do so under Texas Rule of Appellate Procedure 21.3(b), which requires the trial court to grant a defendant a new trial "when the court has misdirected the jury about the law or has committed some other material error likely to injure the defendant's rights." Tex. R. App. P. 21.3(b). Alternatively, Longoria contends that the trial court could grant him a new trial "in the interest of justice." *See, e.g.*, *Herndon*, 215 S.W.3d at 906–07.

But Rule 21.3(b), "in the interest of justice," and the unavailability of shock probation were not the grounds upon which Longoria moved for a new trial; his motions were limited to Rule 21.3(h). A defendant must allege sufficient grounds in his new-trial motion to apprise the trial court and the State why he believes himself entitled to a new trial. *State v. Gonzalez*, 855 S.W.2d 692, 694–95 (Tex. Crim. App. 1993); *see State v. Zalman*, 400 S.W.3d 590, 594 (Tex. Crim. App. 2013) (stating that "[a]n essential element of [a new-trial motion] is that the matter of error relied upon for a new trial must be specifically set forth therein" and that "[t]he wisdom of that

9

rule lies in the fact that reasonable notice should be given not only to the trial court but the State, as well, as to the misconduct relied upon and to prevent a purely fishing expedition on the part of the accused"). "Moreover, it is well settled that a motion for new trial in a criminal case may be granted only on the defendant's timely motion—the trial court has no authority to grant a new trial on its own motion." *State v. Provost*, 205 S.W.3d 561, 566 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citing *Ex parte Ybarra*, 629 S.W.2d 943, 945 (Tex. Crim. App. 1982); *Zaragosa v. State*, 588 S.W.2d 322, 326–27 (Tex. Crim. App. [Panel Op.] 1979)); *see State v. Aguilera*, 165 S.W.3d 695, 698 n.9 (Tex. Crim. App. 2005).

Because Longoria did not raise Rule 21.3(b), "in the interest of justice," or the unavailability of shock probation in his new-trial motions, the trial court could not grant a new trial on any of those grounds. *See Provost*, 205 S.W.3d at 566; *see also State v. Hart*, 342 S.W.3d 659, 676 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). Nevertheless, as noted, we will uphold the trial court's judgment if any appropriate ground exists to support it. *See Sanders*, 440 S.W.3d at 99. We will thus address the ground raised in Longoria's new-trial motions—that the trial court's verdict was contrary to the law and the evidence—which the State argues Longoria failed to establish. *See* Tex. R. App. P. 21.3(h); *Provost*, 205 S.W.3d at 566.

Such an allegation is an evidentiary-sufficiency challenge. *Zalman*, 400 S.W.3d at 594; *Sanders*, 440 S.W.3d at 104. In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated at least one of the terms

and conditions of community supervision. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). The trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

As noted, Longoria argued in his new-trial motions that the trial court's verdict was contrary to the law and the evidence because (1) he had pleaded true, had sought mercy, and is the sole provider for his family, which includes a special-needs child; (2) he has a well-documented alcohol problem that could be addressed with less restrictive programs; and (3) he had already pleaded guilty in Dallas County and had been sentenced to community supervision for that DWI offense. But these claims, compelling as they are as an equitable matter, do not affect the sufficiency of the evidence supporting the revocation. Longoria judicially confessed to the facts alleged in the State's revocation petitions and entered open pleas of true to the petitions' allegations. A plea of true, standing alone, suffices to support the revocation of community supervision. *Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015). Moreover, the trial court's sentence was within the punishment range for the offense, *see* Tex. Penal Code Ann. §§ 12.32(a), 22.02(b)(2)(B), and a trial court cannot grant a

new trial "on mere sympathy, an inarticulate hunch, or simply because he personally believes that the defendant is innocent or 'received a raw deal.'"[11] *Herndon*, 215 S.W.3d at 907. Because the evidence is sufficient, we hold that the trial court abused its discretion by granting Longoria a new trial—whether on guilt or on punishment—on the ground that the trial court's verdict was contrary to the law and the evidence. *See Sanders*, 440 S.W.3d at 104. We thus sustain the State's first issue, which is dispositive. *See* Tex. R. App. P. 47.1.

## IV. Conclusion

Having sustained the State's first issue, which is dispositive of this appeal, we reverse the orders granting Longoria's new-trial motions and extending Longoria's community supervision and amending its terms and remand the cases to the trial court to reinstate the adjudication judgments and sentences.

/s/ Elizabeth Kerr

Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 12, 2022

---

[11]We recognize that the trial court was seeking to rectify its erroneous understanding of shock probation's availability, and we are not unsympathetic. But as an intermediate appellate court, we are bound to follow legal precedent. If an exception is to be carved out here, that is within the sole province of the Texas Court of Criminal Appeals.